### Murray Appellant, v. Farthing Appellee.

M. contracted with F. for two hundred pork barrels, of the ordinary size and quality. M. afterwards received of F. that number of barrels, but not of the size and quality contracted for, nor in discharge of the contract. Held, that M. was liable for the barrels received, according to their common selling price.

Appeal from Monroe circuit court.

*Heard for Appellant.*

1st. The verdict was contrary to the evidence in the cause.

2d. That the damages assessed by the jury were excessive.

3d. That the verdict was against law.

*Howell for Appellee,*

Cites 2nd Cnitty's pleadings, notes 75 and authorities ci-

ted. 1st Stark. 275. 6 Taunt. 322. 1 Marsh. 581. 4 Taunt 745. 2 Taunt. 150. Blk. Rept. 103. Starkie vol. 3, p. 1769. Pirtle dig. 222. 6 Monroe 612 to 615. Marford vs Martin &c. Pirtle 225 and 226. 2 Starkie Ev. 641. 2 J. J. Marshall, 593, 594, Dance vs. Boyd. 5th vol. M. D. 487, Mulliken vs. Greer, same Vaughn vs. Montgomery 529. 4 vol. M. D. 275. Oldham vs. Henderson and the adjudged cases in this court, M'Knight and Brady vs. Wells, 1 vol. M. D. 14.

*Opinion of the Court delivered by McGirk Judge.*

Farthing, the plaintiff in the court below, brought an action of assumpsit in the circut court of Monroe county to recover the value of two hundred pork barrels, before the bringing of the action, by him delivered to Farthing; plea non assumpsit; on this pleading the parties went to trial before a jury, and the jury found a verdict for the plaintiff for two hundred and seventy-five dollars and fifty cents; whereon, the defendant moved for a new trial, because the verdict was contrary to law and evidence, and the damages excessive; which motion was overruled; to reverse which the cause is brought to this court. It seems, by the bill of exceptions, that some time in 1838, the plaintiff and defendant made a bargain, that the plaintiff was to make at his shop for the defendant two hundred pork barrels of the ordinary size and quality; that the plaintiff did not make the barrels as he agreed to do, but that the plaintiff made two hundred of a different quality and size from those agreed on. Before the defendant took them, he saw them, and was told by a witness what sort of barrels they were. He, nevertheless took them and put pork in the most of them, sold 60, and threw 13 away as useless. There was some proof that three barrels would not hold brine, but the defendant put his pork in them, and sold it without loss. The fact that the barrels were not made according to the contract makes no sort of difference in this case, as the defendant appears not to have received these barrels on that agreement, but he took them out of the agreement, and he is bound now to pay for them according to their common selling price. The jury have deducted thirteen dollars from the 200 that makes

M. contracted with F. for two hundred pork barrels, of the ordinary size & quality. M. afterwards received of F. that number of barrels, but not of the size and quality contracted for, nor in discharge of the contract. Held, that M. was liable for the barrels received, according to their common selling price.

the amount of the verdict at $1,50 per barrel, without any interest. It seems, therefore, to the court that the verdict is about right.