## SUPREME COURT.

### THE REFORMED PROTESTANT DUTCH CHURCH agt. SUSAN D. BROWN, executrix, &c.

Where a religious society made a preliminary organization, and, after the articles of association had been executed, the defendant's testator told those in charge of the erection of the church edifice to go on and finish it, and he would pay his subscription,

*Held*, that this promise was a sufficient waiver of the conditions in the original subscription, and the going on and finishing the church constituted a sufficient consideration to sustain the promise.

A subscription made before a corporation is in *esse*, with a view to a future incorporation, is binding, and the corporation when organized can sustain an action upon it.

*New-York General Term, May, 1859.*

By the court—PRATT, Justice. In this case it does not appear that any promise was made by the defendant to pay her subscription after the plaintiffs were actually and legally incorporated. But it does appear that after the society had made a preliminary organization, and after the articles of association had been executed, the testator frequently told those in charge of the erection of the church edifice to go on and finish it, and he would pay his subscription. This was clearly a sufficient waiver of the conditions in the original subscription; and the fact that the society, on the faith of this and similar promises from others, went on and finished the church edifice, constitutes a sufficient consideration to sustain these promises.

The only remaining question of any moment is, that the plaintiffs had no legal existence at the time of the testator making the promises upon which the action is predicated. It is claimed that, such being the fact, the plaintiffs could not be a party to the contract. But it has been repeatedly decided that a subscription made before a corporation was in *esse*, with a view to a future incorporation, was binding, and that corporation, subsequently organized, could sustain an action upon it. (*Hamilton and Deansville Plank Road Company* agt. *Rice*, 7 *Barb*. 157; *Stanton, President,* agt. *Wilson,* 2 *Hill*, 153; *Trustees of Farmington Academy* agt. *Allen,* 14 *Mass. R.* 172.) In this case the promises were made for the benefit of the society thereafter to be incorporated. All parties contemplated the subsequent incorporation of the society, and although the promises were made just before such incorporation, yet a portion of the work was done afterwards. Upon such incorporation, therefore, the society became vested with the claims against those who had agreed to pay for erecting the church edifice. I think, therefore, that the judgment should be affirmed.