JANE E. EYSTER

*v.*

JAMES PARROTT.

CONTRACT—*waiver of forfeiture.* Where a workman fails to complete a building within the time stipulated in his contract, if the other party, after such default, makes partial payments, and urges him to go on with the work, and he does, and expends considerable money, work and materials afterwards, this will be a waiver by the owner of his right to insist on a forfeiture, for the failure to do the work in time.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Messrs. E. & A. VANBUREN, for the appellant.

Messrs. MERRIAM & ALEXANDER, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was a proceeding on a petition, by appellee against appellant and others, for a mechanic's lien.

On the 6th of October, 1873, appellee contracted with appel-

lant to furnish the materials, and construct for her a brick dwelling house on a lot of ground owned by appellant, for the sum of $4000. The owner of the ground was to give the contractor possession on the 6th of October, 1873. The basement was to be fully completed in five weeks from that date, and the whole building finished by the 1st of December, 1873, providing the weather was favorable to do the plastering.

On the 13th of October, 1873, appellee took possession of the lot, and proceeded with the work, but the basement was not finished in five weeks from October 6, and although appellee continued from time to time to do work, the building was not completed on the 10th of February, 1874, and on that day the appellant dismissed him from the work.

The circuit court took an account of the amount of work mentioned in the contract shown to have been done, and of the amount of extra work done at request of appellant, and of the defects of the work actually done, and the estimated cost of correcting and curing the same, the amount of damages to appellant by reason of the delay, the amount of money actually paid, and of the amount of work in the contract which was left undone, and stating an account found due and unpaid to appellee, $680, for his labor and materials (taking the contract price for the rate.)

Appellant insists upon the entirety of the contract, and that, having failed to perform, appellee had no right to recover at all. We think the circuit court took the correct view of this matter. It is true that appellee did not comply with his contract as to time, but, after he was in default in this regard, the appellant made partial payments to him, and urged him to go on with the work, and he did go on, and expended money in work and materials to a considerable amount. This was a waiver by appellant of her right to demand, on account of such failure, a forfeiture of appellee of the work he had done. In good conscience, appellant ought to pay what the work actually done, in the manner and at the time it was done, was reasonably worth to appellant, taking the contract price for the rate at which to value the work done.

It is insisted that, on the proofs, following this equitable rule, the circuit court allowed to appellee too large an amount, and, in fact, it is claimed that appellee was fully paid all that his work was worth under the circumstances.

On the question of values and estimates of costs, witnesses differ very widely, and after a careful perusal of the proofs, we do not feel warranted in disturbing the judgment on that ground.

*Judgment affirmed.*