[No. 4674.]

THE BRENNAN MERCANTILE COMPANY ET AL. V. VICKERS ET AL.

**1. Appellate Practice—Bills of Exception—Motions.**

Errors assigned to rulings of the court in overruling a motion to quash summons, and in denying a motion to vacate the order overruling the motion, and requiring defendant to answer before the expiration of the legal time for such answer, and in proceeding to trial before the cause was at issue and before any ruling had been made upon certain motions filed by defendant, cannot be considered unless the various motions and rulings attacked are brought up in a bill of exceptions.

**2.—Appellate Practice—Bills of Exception—Filing.**

The filing of a bill of exceptions in the lower court is a condition prerequisite to its filing in the appellate court.

**3. Appellate Practice—Abstract of Record—Dismissal.**

Where an abstract of record does not contain any of the points or matters relied on for a reversal of the judgment, and appellant or plaintiff in error fails to file or offer a good abstract when the defects are called to his attention, the appeal or writ of error will be dismissed.

*Error to the County Court of Hinsdale County.*

*Motion to Dismiss Writ of Error.*

Mr. G. D. BARDWELL, for plaintiffs in error.

Mr. S. S. SHERMAN, for defendants in error.

*Per Curiam.*—This cause was originally brought to this court by appeal. The appeal was dismissed for lack of jurisdiction and under the statute the cause was redocketed on error.   See *Brennan Merc. Co. v. Vickers, ante,* p. 323.   When that appeal was pending a motion was made therein to dismiss it upon the grounds that there was no bill of exceptions in the case by which only could the rulings attacked be preserved and brought to the court's attention; and that appellants had not complied with the rules of court in the preparation of their abstract.   No ruling upon that motion was then made, as jurisdiction by appeal was lacking.   After the cause was redocketed on error defendants in error renewed the motion on the same ground.

1.   In order to be heard upon the errors herein assigned, the various motions and rulings attacked must be brought up in a bill of exceptions.   The record does not preserve them.   It is doubtful if what purports to be a bill of exceptions lodged with the clerk can be considered by us, for proof that it was filed in the court below seems to be lacking; and such filing is an essential condition prerequisite to its filing here.   We may proceed, however, upon the assumption that the bill is properly before us.

2.   The second ground is well taken.   Rule 14 of this court provides, among other things, that an appellant or plaintiff in error shall prepare and file a printed abstract of the record which must set forth fully the points relied upon for the reversal of the judgment, and if in this respect the abstract is defective, the appeal or writ or error may be dismissed. The errors assigned are that the court erred (a) in overruling the motion of defendants to quash the

summons and return thereon; (b) in ruling defendants to answer the complaint before the legal time therefor had expired; (c) in overruling defendants' motion to vacate the former order overruling defendants' motion to quash the summons and return thereof and requiring them to answer; (d) and in proceeding to trial before the cause was at issue and before any ruling had been made upon certain motions filed by defendants without notice to them of the hearing upon the same, and in rendering judgment in favor of plaintiffs and against defendants without first having obtained jurisdiction over the subject-matter of the suit or the person of defendants.

It will be observed that the errors assigned are really all based upon certain rulings of the court respecting the sufficiency of the summons and return upon the same. The abstract does not set forth the summons or its substance or the return thereupon or the ruling of the court upon the motion to quash. It does not show that the lower court ever made any such order. Neither does it set forth the order which defendants ask to have vacated, or the order refusing the application to vacate the same. Indeed, it contains none of the points or matters relied upon for reversal which the rule requires. It is impossible to tell from it what orders of the court were objected to, or whether or not they were properly or improperly made.

In speaking of a similar defect, our court of appeals in *Denver Machinery Co. v. Publishing Co.,* 4 Colo. App. 146, said in substance that where the court is unable to determine from an inspection of the abstract whether any error was committed by the trial court, the practice does not require it to look elsewhere for the information. The court, of course, might do so, but is not obliged to. We are disposed

to encourage conciseness in the preparation of abstracts and briefs. Making the abstract merely a printed literal record of the transcript is objectionable, and entails upon an appellate court a vast amount of unnecessary work. Whenever such violation of our rules is properly brought to our attention, we shall be quick to strike from the files the objectionable document, or require the parties guilty of such infraction to conform to the appropriate practice. But this abstract is so radically faulty that we cannot, consistently with good practice, refuse to enforce the rule which prescribes the penalty for its violation. These defects were called to the attention of plaintiffs in error when the cause was here on appeal. In a proper case it is possible that permission might be given to file a new abstract without directing a dismissal of the writ. But plaintiffs in error have not seen fit to prepare, or offer for filing, a good abstract, nor have they asked a dismissal without prejudice. The only appropriate order to make is that which the rule contemplates, a dismissal of the writ of error, which is accordingly done.

*Writ dismissed.*