## McMahan v. Connelly.

**Contracts—Assignment—Assumption of Debts.**

Plaintiff was employed by a milling company at work in its concentrating mill; defendant loaned money to the company; to secure the money loaned and upon defendant's agreement to pay the operating expenses for the past month the company assigned to him all the concentrates from the mill until its indebtedness to him was paid. All the concentrates for the next month were turned over to him but were not sufficient to pay his claim. Held, that defendant was not liable for the operating expenses of the mill other than for the month he agreed to pay, and was not liable to plaintiff and other employees for their wages during the time he received the concentrates.

*Appeal from the County Court of Clear Creek County.*

Mr. S. D. Walling, for appellant.

Gunter, J.

Decisive of this, defendant's appeal, is the assignment of error, insufficiency of the evidence, to sustain the judgment.

The Colorado-American Mining and Milling Company about April 1, 1900, began operating a concentrating mill, and employed certain parties upon the work connected therewith, some from April 1 to July 7, others from May 1 to July 7, and all from June 1 to July 7. From last-mentioned date the mill was closed. Such employees claimed that appellant and not the corporation was liable to them for their services from June 1 to July 7, and this action was to collect the amount claimed to be due for such services, being brought by one of such employees to whom the others had assigned their claims. Appellant's connection with the operation of the mill was this: April 10, he loaned the company $500, and later $255. About June 7, in consideration of such

indebtedness, and the agreement of appellant to pay certain operating expenses of the company for May, amounting to $721, the company stipulated to turn over to him all concentrates from the mill until such indebtedness should be discharged. It was estimated that the proceeds of the concentrates shipped during the following three weeks would be sufficient to discharge such indebtedness. Appellant paid the liabilities assumed, that is for the month of May. As to this being his agreement, and his compliance therewith, there is no conflict in the evidence. The proceeds of the concentrates were insufficient to discharge the indebtedness to appellant thus created. While the proceeds of all concentrates shipped from the mill after June 1, except those of one shipment, were paid to appellant, they were paid on the above contract, which limited his liability for operating expenses to those for the month of May. Appellant did not by his conduct in reference to the running of the mill, or in any other manner, render himself liable for its operating expenses from June 1 to July 7. There is no evidence to sustain the judgment below.

We have not considered the question argued of the denial of the petition of appellant for a change of venue because the facts material to its understanding are not presented by the abstract.—*Denver Machinery Co. v. Publishing Co.,* 4 Colo. App. 146; *Gerspach v. Barhyte,* 17 Colo. App. 490; *Brennan Merc. Co. v. Vickers,* 31 Colo. 324.

Judgment reversed.                    *Reversed.*