Gunter, J.
Decisive of this, defendant’s appeal, is the assignment of error, insufficiency of the evidence, to sustain the judgment.
The Colorado-American Mining and Milling Company about April 1, Í900, began operating a concentrating mill, and employed certain parties upon the work connected therewith, some from April 1 to July 7, others from May 1 to July 7, and all from June 1 to July 7. From last-mentioned date the mill was closed. Such employees claimed that appellant and not the corporation was liable to them for their services from June 1 to July 7, and this action was to collect the amount claimed to be due for such services, being brought by one of such employees to whom the others had assigned their claims. Appellant’s connection with the operation of the mill was this: April 10, he loaned the company $500, and later $255. About June 7, in consideration of such *254 indebtedness, and tbe agreement of appellant to pay eertain operating expenses of the company for May, amounting to $721, the company stipulated to turn over to him all concentrates from the mill until such indebtedness should be discharged. It was estimated that the proceeds of the concentrates shipped during the following three weeks would be sufficient to discharge such indebtedness. Appellant paid the liabilities assumed, that is for the month of May. As to this being his agreement, and his compliance therewith, there is no conflict in the evidence. The proceeds of the concentrates were insufficient to discharge the.indebtedness to appellant thus created. While the proceeds of all concentrates shipped from the mill after June 1, except those of one shipment, were paid to appellant, they were paid on the above contract, which limited his liability for operating expenses to those for the month of May. Appellant did not by his conduct in reference to the running of the mill, or in any other manner, render himself liable for its operating expenses from June 1 to July 7. There is no evidence to sustain the judgment below.
We have not considered the question argued of the denial of the petition of appellant for a change of venue because the facts material to its understanding are not presented by the abstract. — Denver Machinery Co. v. Publishing Co., 4 Colo. App. 146; Gerspach v. Barhyte, 17 Colo. App. 490; Brennan Merc. Co. v. Vickers, 31 Colo. 324.
Judgment reversed. Reversed.