[No. 8072.]

## MacFaddin v. Bice.

1. Appeals and Error—*Abstract.* Where the abstract is so defective as to afford no comprehensive idea of what is in controversy the court may decline to review the judgment.   (173)

2. Statute of Limitations—*Evidence.* Evidence of a claim barred by the Statute of Limitations held properly excluded.   (174)

*Error to Denver District Court.*—Hon. John A. Perry, Judge.

Mr. John Barnd, for plaintiff in error.

Mr. Jos. N. Baxter, for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court:

This action was brought by defendant in error, hereinafter called plaintiff, against plaintiff in error, defendant below, to recover an amount alleged to be due as attorney's fees for legal services. There was a jury trial and plaintiff recovered judgment for $513.00, to review which, defendant brings the case here on error.

The abstract of the record does not give the complaint in full or in substance, and while it contains the answer, it is not at all clear what is involved in the case. Only a small part of the evidence is abstracted, and five of the court's instructions are set out; as to whether or not these were all of the instructions, we are not advised. From this meager abstract it is impossible to obtain a comprehensive idea of the case, and we might for that reason decline to review it. But inasmuch as the parties argue what seems to them to be the principal error upon which defendant relies, we will express our views thereon.

We gather from the argument that defendant on the trial endeavored to sustain a counter-claim by offering evidence which was excluded for the reason that the cause of action set out in the cross complaint was barred by the statute of limitations. The allegation of the answer in this respect, is as follows:

"Further answering said amended complaint defendant says that from November, 1910 to 1905 a period of thirty-nine months, plaintiff occupied premises belonging to defendant for which he agreed to pay ten dollars per month."

Referring to the abstracted evidence of plaintiff on cross examination, which is all that is presented to us bearing upon the subject of the time of the running of the statute of limitations, upon which we assume defendant relies, we find Mr. Bice left defendant's premises in December, 1904, eight years before filing the present case. Defendant's counsel admitted in answer to a question by the court that Mr. Bice was correct in this statement, but made the claim that the transactions between the parties constituted an open, running account. The abstracted testimony presented does not sustain this contention. We are of the opinion that the ruling of the court in rejecting evidence relative to room rent in 1904 and prior thereto, was correct.

Defendant assigns error on the giving of instructions 2 to 5 inclusive by the court, but these assignments are not argued, and we are not prepared to say upon an inspection of the record presented, that there was any prejudicial error committed by the court in this respect.

The judgment is affirmed.

*Affirmed.*

Chief Justice Musser and Mr. Justice Scott concur.