SNYDER v. COLORADO GOLD DREDGING COMPANY.

1. WATER RIGHTS—*Adjudication of Priorities.* In the statutory adjudication of priorities, the court is limited to an inquiry as to the volume of water to which the ditches are respectively entitled and their relative priorities. The title of a claimant to the conduit by which the water is diverted is not a matter for investigation or determination. (518)

2. ——*Conflicting Testimony.* Where the testimony as to the volume of water to which a claimant is entitled is conflicting, but there is sufficient to sustain the award made in the court below, it will not be disturbed. (518)

*Appeal from Summit District Court.*—Hon. CHARLES CAVENDER, Judge.

Mr. E. T. WELLS, for appellant.

Mr. WILLIAM V. HODGES, for appellee.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

1. This is an appeal by C. M. Snyder, from a final general adjudication decree rendered by the district court of Summit county in Water District No. 36, in a proceeding under the statute to settle the priority of water rights on Swan river, acquired by appropriation and use for beneficial purposes other than irrigation. The court entered a decree finding the Galena ditch, No. 6, according to the date of construction (The Colorado Gold Dredging Company, appellee, claimant) was entitled to priorities Nos. 5 and 30 for hydraulic placer purposes; that under priority No. 5 by construction, it was entitled to 15.63 cubic feet per second, to date from June 1, 1863,

and under priority No. 30, by enlargement to 44.37 cubic feet per second, dating from September 1, 1898; that the Swan River ditch, No. 59 according to date of construction (E. T. Wells and C. M. Snyder the appellant, claimants) was entitled for placer mining purposes to priority No. 64 for 100 cubic feet per second, of date August 15, 1907.

2. In 1863 the Galena ditch was originally constructed in part, if not wholly, over the government domain, and across territory subsequently patented to E. T. Wells as the Mascot placer. In 1892 Wells made entry of the Mascot placer location, crossed then by the ditch, which was patented to him June 17, 1897. In September, 1898, the parties claiming to own the ditch and the right to use the water, enlarged it to carry what was decreed as priority No. 30 for 44.37 cubic feet. In doing so, they enlarged the ditch across the Mascot placer without the knowledge, consent or acquiescence of the owner of the premises, whom it appears has never been compensated for the extra right of way required or taken for the enlargement of the ditch across his placer location. In this adjudication proceeding it is claimed that because the enlargement across the placer was a trespass, no priority of appropriation was acquired thereby and that the court erred in decreeing to the ditch any appropriation on account of this enlargement. It is also urged that the claimant of the Galena ditch in the adjudication proceeding did not own the ditch or the water right, and that the appropriations awarded to it are excessive. The assignments of error are: 1st. That the Galena ditch ought to have been awarded an appropriation of only 4 second feet in respect of original construction and no amount in respect of enlargement, and ought' to have been awarded no priority at all as against the Swan River ditch; 2nd. That the original Galena ditch

and water right had been abandoned and the Colorado Gold Dredging Company acquired no right thereto by virtue of original construction; 3rd. That the alleged enlargement of the Galena ditch was an unlawful trespass upon the placer location and no appropriation could be initiated or acquired thereby.

3. The purpose of a statutory adjudication proceeding is to settle the volume or amount of water entitled to be diverted by, and the relative priorities of the ditches on the natural stream. The court in its inquiry is confined to this purpose and is without jurisdiction to hear or determine other matters. In the proceeding no evidence should have been received or considered relative to the enlargement being a trespass upon the placer location. The title to the canal, its right of way, or whether it owns its right of way, or how it may have acquired it, are matters that cannot be gone into or determined in a statutory adjudication proceeding.— *Haines v. Fearnley,* 56 Colo. 243, 138 Pac. 544, and cases there cited.

4. Claim is also made that the original Galena ditch and water right were abandoned, and that appellee should have been awarded no right by virtue of original construction; also that the amount awarded the ditch upon each priority is excessive. The testimony as to these matters was conflicting. We have gone carefully over the record and find sufficient evidence to amply sustain the decree.

Judgment affirmed.

*Affirmed.*

Decision *en banc.*

Decided February 1, A. D. 1915. Rehearing denied April 5, A. D. 1915.