## No. 9436.

### OLSON *v.* HARVEY.

1. ACCOUNT—*Who Entitled—Joinder of Causes of Action.* Defendant, a builder having a contract for the erection of a cathedral, employed plaintiff to superintend the work, for certain salary and a percentage of the profits This contract was admitted. Plaintiff alleged another similar contract as to the superintendence of the work of construction, upon another important building. This contract defendant denied. *Held* that plaintiff being entitled to an accounting of all the gains made upon both the contracts had properly joined them in one count, demanding an account of all profits on both contracts; that the provisions of the code, sec. 76, have no application. That the parties were not partners was immaterial.

2. PLEADINGS—*Separate Causes of Action—Statement of.* Plaintiff in single count set up two contracts, demanding an accounting under each. The two contracts were separately stated. *Held* that though the words, "And for a second cause of action" were not inserted preceding the statement of the second contract there was no confusion of the issues and the defendant was not misled.

3. ——*Action Premature.* Must be specially pleaded.

4. ——*Amendment.* Defendant's application for leave to amend his answer so as to forfeit all plaintiff's interest, held properly denied.

5. *Waiver.* Answer after the denial of a motion to separate causes of action is a waiver of the motion.

6. ——*Performance by Plaintiff.*  Where mutual dealings have been had by the parties, under a contract not yet fully performed, plaintiff is entitled to an accounting as to the part performed, and no allegation of full performance is necessary.

7. ——*Accounting—Jury.*  Defendant in a bill for an account is not entitled to trial by jury, even though he denies one of two contracts upon which the account is demanded.

8. ——*Jury.*  A jury having been called to try one phase of the controversy, *held* that the court was entitled to modify the verdict.

8. CONTRACT—*Construed.*  An oral contract between a building contractor and his foreman was held by the court below to entitle the plaintiff to one-half the net profits arising from a certain building, unless they should be less than, &c., in which case one-third. *Held* clear, definite and sufficient.

9. ——*Waiver of Contract Right.*  Contract providing that plaintiff should be entitled to one-half the profits of one of two contracts, but only on condition that his services were "faithfully and diligently performed to the satisfaction of the architect." Defendant having made payments to plaintiff on account of the profits during and after the alleged misconduct, and presented an account after the completion of the building, making an allowance to plaintiff on account of profits, *held* a waiver of the condition.  Defendant presented an account of certain dealings between the parties offering payment of the balance as stated therein, without suggesting that the time of settlement had not arrived.  *Held* a waiver of this objection, and a dispute having arisen, plaintiff's bill for an account was sustained and defendant's contention that his action was premature rejected.

10. ——*Defenses.*  Defendant agreed to pay plaintiff a share of the profits upon certain work when all the indebtedness incurred by defendant in the execution of the contract should have been discharged.  On account of his profits being demanded, *held* he could not make his own delinquency in paying the liabilities incurred by him in the work the basis of a claim that the action was premature.  But *held* that he was not to recover one-half the profits in full, if his misconduct caused damage to defendant.  He who seeks equity must do equity.

11. PRACTICE IN ERROR—*Judgment.*  The judgment being reversed for the referee's refusal to hear evidence as to one feature of the case, upon which he was entitled to be heard, the cause was remanded with directions that it should be referred to the same referee to hear evidence upon this question alone.

*Error to Denver District Court, Hon. Julian H. Moore, Judge.*

*Department Two.*

Messrs. HILLIARD & FINNICUM and Mr. W. B. MORGAN, for plaintiff in error.

Messrs. DOUD & FOWLER, for defendant in error.

Mr. Justice Denison delivered the opinion of the court.

THIS was a suit for an accounting. The plaintiff Harvey and the defendant Olson built St. John's Cathedral and several of the buildings at Clayton College, on contracts between Olson and the owners. For the cathedral contract Olson and Harvey entered into a written agreement whereby Harvey was to superintend the work for Olson for $20.00 per week, and one-half the profits. This contract was not disputed. For the college contract there was no written agreement between Olson and Harvey. Harvey alleged an oral agreement which Olson denied. This issue was tried by jury and a verdict was rendered for Harvey. Thereupon an accounting was had, upon both contracts, before a referee, who found Olson indebted to Harvey in the sum of $26,480.39, with interest at 8% from December 6, 1911, and that defendant pay the costs. His findings were sustained by the court and defendant comes here on error.

1. The complaint, in form, stated one cause of action. It is objected that two causes are commingled, because the contracts with the cathedral and college authorities were separate, the contracts between Olson and Harvey relating to them were separate and, since the college work, though begun later, was finished first; the causes of action therefore arose separately; and counsel for plaintiff in error cite *Hall v. Cudahy*, 46 Colo. 324, and *Pinnacle Co. v. The People*, 58 Colo. 86, 89, which hold that the provision of the Code 1908, sec. 76, that causes be separately stated is mandatory. They argue that, according to Pomeroy's analysis of causes of action, violations of separate primary

rights give rise to separate causes of action. That Harvey had two primary rights, if he had any, one created by his agreement with Olson in regard to the cathedral, and the other by their contract as to the college; that therefore the refusal to order the separation was reversible error.

It is true that in the cathedral matter, Harvey might have relied on his primary right created by Olson's promise to pay him, and so have sued in assumpsit, and he might have sued on another primary right in the college matter alone, but he had still another primary right, that is to an accounting, and Olson owed him another primary duty, which was to account in all matters between them, the cathedral matter as well as that of the college, and, since the complaint showed that these two matters had run on together and that Harvey's share of the proceeds of both had been mixed and appropriated by Olson and converted to his own uses, Harvey, for that reason also, had a primary right to an accounting in both matters, and Olson's refusal to account in the college matter, and his partial and inaccurate account in the cathedral matter gave plaintiff one cause of action.

Nor is Olson's position better if we suppose defendant in error had but two primary rights, as assumed by Olson's counsel.

In the cases above cited it is indicated that the refusal to order separate statement may or may not be prejudicial error. In this case it is not prejudicial. The causes, if there be two, are separately stated if we merely prefix to paragraph 7th of the complaint the words "For a second cause of action"; therefore defendant was not misled nor were the issues confused. These issues were tried as they ought to have been if the amendment had been made. So denial of the motion to separate, if it had been error, would in this case have been without prejudice.

2. The next objection argued is that these two causes of action were not such as might be joined. This objection was waived by answering over. Code 1908, sec. 79. *Hall v. Cudahy,* 46 Colo. 324, 326, 104 Pac. 415; *Hayden*

v. *Patterson*, 39 Colo. 15, 17, 88 Pac. 457; *Bd. Commrs. El Paso County v. City of Colo. Spgs.*, 66 Colo. 111, 180 Pac. 301, 302; *Field v. Kincaid*, 67 Colo. 20, 184 Pac. 833; *Sweet et al. v. Barnard*, 66 Colo. 526, 182 Pac. 22.

3. It is claimed that defendant was denied trial by jury upon the issues whether Harvey had performed the cathedral contract and whether the action so far as it concerned that matter was prematurely brought.

It is clear that this case is of equitable cognizance. The code 1908, § 223, provides that the court may send such a case to a referee, which was done in this case, and this court has held, that, if a case requires an accounting for complete determination, all the issues may be referred. *Huston v. Wadsworth*, 5 Colo. 213. There was, then, no error in denying a jury.

4. It is objected that the action on the cathedral matter was prematurely brought. The contract between Olson and Harvey provided that the plaintiff's share in the profits should be paid when defendant had fully performed his contract, had received full compensation, had paid all claims for labor, machinery, etc., and the work had been accepted; that Harvey should have no interest whatever in and to the money received by Olson until full, final and satisfactory settlement of all matters relative to said contract between Olson and the owners should have been made and all indebtedness incurred by Olson in carrying out said contract should have been paid, which indebtedness Olson agreed to pay promptly when due.

It appeared that when the suit was brought, some $50 worth of work in cleaning up the cathedral premises remained to be done and was done afterwards; that $193.50 was paid to Olson nearly a year after the building was accepted and some ten months after suit was begun for "extras" not within the original contract; that a few trifling bills of Olson's for work or materials remained unpaid, and these facts are made the basis of the claim that the suit was prematurely brought.

As to Olson's unpaid indebtedness he had agreed to pay

it promptly when due, and he could not make his own delinquency a basis of postponing settlement with plaintiff.

As to the other points the referee held that Olson had waived them before suit was begun. We think this was right, because Olson had presented a statement of account, offered full payment of the balance thereon, without suggestion that the time for settlement had not arrived; and settlement between the parties was prevented by a dispute as to the accuracy of the account presented, not because the accounting was premature.

It would, we think, be unjust to allow one from whom an account was about to become due to present it, dispute about it, offer to pay the balance and treat the accounting as due, and then, when the account had been rejected as inaccurate and wrong and when suit was brought for an accounting, say that it was premature. That is "It is time to settle my way but not yours." It is evident that both parties, up to the time of the suit, treated these items as too trifling to consider. Such things are inevitable after every large work. It is also true that this defense should have been specially pleaded in abatement. *Watson v. Lemen,* 9 Colo. 200, 202. An amendment allowing a plea in abatement would be at least unusual.

5.   Error is claimed on the ground that since the jury found that the interest of the plaintiff in the college matter was other than a partnership, the action as to that matter was one of law.

This is answered by what we have said above as to the right to an accounting. After the special findings of the jury the court might modify them (which it did) by making findings of its own.

6.   It is claimed that the finding of the court that there was an agreement between Olson and Harvey that they were to share equally the profits of the college contract is not supported by the evidence. We do not agree with this claim. There was sufficient evidence in favor of the finding of the court to support it.

7.   It is claimed that the agreement with reference to

the college was so indefinite and ambiguous as to be unenforceable. We do not think so. The court found plaintiff "entitled to one-half of the net profits, or net proceeds, arising from said Clayton College buildings and contracts, unless said net proceeds should be less than six thousand dollars, in which event he is entitled to one-third of such net profits, or net proceeds." This is clear, definite and sufficient, and there was evidence to support it.

8. It is objected that the court below ordered an accounting on the cathedral matter without a trial of the issues in regard to it. We have already shown that those issues were properly submitted to the referee.

9. The general demurrer to that part of the complaint relating to the cathedral was overruled. The complaint stated that the contract between the plaintiff and defendant provided "that plaintiff should personally superintend the erection and construction of said building" (the cathedral.) No other consideration appears in the complaint for Olson's agreement to pay plaintiff $20 per week and one-half the net profits. There is no allegation of the performance of this consideration, except that "plaintiff and defendant entered upon the erection and construction of said cathedral and the performance of said contract," and that the building was completed. It is urged that this made the complaint insufficient. It is very doubtful whether this would be a sufficient allegation of performance if the action were in the nature of assumpsit on the contract between plaintiff and defendant for damages, but it shows part performance at least; this is an action for an accounting; mutual dealings such as are alleged entitle plaintiff to that and part performance does the same. *Eyster v. Parrot,* 83 Ill. 517. Therefore an allegation of full performance was not necessary against a demurrer.

10. The cathedral contract between the plaintiff and defendant provided for payment of one-half the profits to plaintiff, if his services were "faithfully and satisfactorily performed," and that, should he fail to perform them "diligently, faithfully and satisfactorily to the architect" the

$20 per week should be his only compensation. Before the referee the defendant offered to show that plaintiff's work had not been done to the satisfaction of the architect and that he had been guilty of drunkenness, neglect and other misconduct on the job, to the detriment thereof and to the damage of the defendant. An objection to this evidence was sustained on the ground that there was no issue, of performance *vel non*, that plaintiff had not alleged performance nor had defendant pleaded non-performance.

Apart from any question of pleading we think that defendant had waived the misconduct of plaintiff and his failure of performance, so far as they might constitute a complete forfeiture of one-half the profits, because during and after such misconduct, he had paid plaintiff on account more than the $20 per week, had continued the employment, and, after the completion of the building, had presented an account allowing plaintiff something on account of the profits. *Eyster v. Parrott*, 83 Ill. 517; *Smith v. Alker*, 102 N. Y. 87, 5 N. E. 791; *Haden v. Coleman*, 73 N. Y. 569; *Murray v. Farthing*, 6 Mo. 251; *Westfield Church v. Brown*, 29 Barb. 335; *Hobart v. Beers*, 26 Kan. 329, and other cases, 9 Cyc. 646. Therefore there was no forfeiture. By the same reasoning we must say that the question of satisfaction of the architect was waived.

But plaintiff is asking relief of a court of equity; he must do equity. It is not equitable that he should recover the full one-half if he did not fully perform, nor if his misconduct in respect to the work caused defendant damage. To recover the full one-half he must show full performance. If he has but partly performed he can have what his services were worth but no more. *Eyster v. Parrott, supra.*

Plaintiff argues that the evidence shows that he did fully perform, but that does not justify the exclusion of evidence to the contrary, and such exclusion was error. "In good conscience, appellant ought to pay what the work actually done, in the manner and at the time it was done, was reasonably worth to appellant, taking the contract

price for the rate at which to value the work done."
*Eyster v. Parrott, supra.*

11. The court sustained the referee's denial to defendant of leave to amend his pleadings by alleging the nonperformance and misconduct of plaintiff. This was right. The purpose of the proposed amendment was to forfeit all plaintiff's interest in the profits. Equity will not favor such severity. The rule is that equity will never enforce a forfeiture.

We regret to prolong this interminable case. We shall not order it reversed, however, but direct that without delay it be re-referred to the referee to take evidence and immediately make findings of fact and conclusions of law on the question only whether the plaintiff was guilty of neglect or misconduct in the performance of his agreement with defendant and, if he was, to what extent such misbehavior ought to reduce his share of the profits, and then, if necessary, let the judgment be modified accordingly.

In part affirmed and in part remanded for further proceedings.

Garrigues, C. J. and Scott, J. concur.