## No. 9619.

ZALL JEWELRY COMPANY ET AL v. STODDARD ET AL.

1. PRACTICE IN ERROR—*Defects in Bill of Exceptions, Abstract and Assignment of Error*, precluding an intelligent examination of the contentions of plaintiff in error, the judgment was affirmed.

The rules of court and many cases decided in this court and the Court of Appeals, upon questions of practice, cited.

*Department One.*

*Error to Denver District Court, Hon. S. W. Johnson, Judge.*

Mr. EDWIN N. BURDICK, Mr. JOHN DEWESSE, Mr. NATHANIEL HALPERN, Mr. JOHN MCPHAIL, for plaintiffs in error.

Messrs. TOLLES & COBBEY, for defendants in error.

Mr. Justice Burke delivered the opinion of the court.

HERMAN AND JENNIE ZALINSKY are husband and wife and William Zall is their son. In 1907, defendant in error, Stoddard, obtained a judgment, in the County Court, against Herman Zalinsky. In 1917, execution was issued on this judgment and returned unsatisfied, and such further proceedings had that the other plaintiffs in error were brought into this action as parties, under the contention that certain stock of the company, standing in the name of the wife and son, was in fact the property of the husband. Herman Zalinsky meanwhile, on his voluntary petition, was declared a bankrupt, the Stoddard judgment being scheduled as his sole debt. Defendant in error, McLean, was appointed trustee. On the trial a verdict was directed for plaintiffs in error. An appeal was taken to the District Court and the trial there resulted in a verdict for defendants in error. Thereupon judgment was entered decreeing 9,997 shares of said stock, standing in the name of Jennie Zalinsky and William Zall, to be the property of Herman Zalinsky, and subjecting the same to

the lien of the Stoddard judgment. Such further proceedings were thereafter had that the cause is now before us for review on error.

Among the numerous questions argued in the briefs of counsel are: The regularity of the proceedings by which Jennie Zalinsky, William Zall and The Zall Jewelry Company, were brought into the cause, and those by which McLean appeared as a plaintiff in the County Court and an intervenor in the District Court: The amendment of an appeal bond: The correctness of the instructions: And the sufficiency of the evidence. Further details concerning these matters are however unnecessary by reason of the condition of this record as hereinafter set forth.

Burke, J., after stating the case as above.

The bill of exceptions contains 450 pages and is not indexed, and the number of folios, including numerous exhibits thereto attached, is 1210. It is apparent that as originally prepared and certified, no instructions were contained therein, and none are mentioned in the certificate. Thereafter duplicate folios 1055 to 1114, and 28 additional pages, without folio numbers, all relating to instructions, were inserted just preceding the certificate. No discoverable order is followed in making up the record proper.

The original abstract of record, so-called, contains 72 pages. It is in no proper sense of the term such an abstract, but rather a collection of desultory comments on the proceedings in the District Court, such as, "Counsel were then permitted to inquire as to the age of the boy, and inquiries along that line to some considerable extent." The folios of this document are so badly mixed as to be worse than useless. The same may be said of its purported index.

The assignment contains 22 paragraphs calling our attention to that number of alleged errors of the trial court. Numbers 1, 2, 3, 19 and 20 are incomprehensible. Number 3, which is a fair example of these, reads: "The court erred in overruling the motion to quash the summons issued to make any person a party to a summons in garnishment that had already been served and answered." Each of the

remaining assignments refers to certain folios of the abstract, examination of which is indispensable to an understanding of them. In each case either the abstract is too meager to inform us of the cause of complaint, or is altogether silent upon the subject mentioned in the assignment, or fails to disclose any objection to the ruling or any exception saved thereto.

The sufficiency of the evidence to support the verdict is not covered by any assignment of error, hence a supplemental abstract of 147 pages filed by defendants in error was entirely unecessary. "Plaintiff in error shall * * * file with the clerk * * * an abstract of the record. Such abstract shall contain a brief statement of the contents of the pleadings, the judgment, the assignments of error relied on, and such other parts of the record as may be essential; * * * The abstract shall be indexed and the folio numbers of the record shown on the margin thereof." Rule 34 of the Rules of this Court. "Plaintiff in error shall assign errors in writing at the time of filing the record and each error shall be separately alleged and particularly specified." Rule 30 of the Rules of this Court. "If the plaintiff in error shall fail to assign error, the writ of error shall be dismissed." Rule 31 of the Rules of this Court. "An exception in the lower court to an instruction is essential to a consideration of alleged error therein; such exception should appear in the abstract." *Auckland et al v. Lawrence,* 19 Colo. App. 291, 292, 74 Pac. 794.

An assignment of error based upon a document not appearing in the abstract will not be considered. *Merriner v. Jeppson et al,* 19 Colo. App. 218, 220; 74 Pac. 341. "Plaintiff in error shall prepare and file a printed abstract of the record which must set forth fully the points relied upon for the reversal of the judgment, and if in this respect the abstract is defective, the * * * writ of error may be dismissed." *Brennan Merc. Co. et al. v. Vickers et al,* 31 Colo. 324, 325, 73 Pac. 45. "If counsel desire to question the sufficiency of any pleading such

pleading should be in the abstract and other portions of the pleadings sufficient to understand the question urged." *Gerspach v. Barhyte,* 17 Colo. App. 490, 68 Pac. 1057. "Parties who desire to urge error on the refusal to admit documents must put them in the abstract * * * References to the transcript of record are not in compliance with the rules." *Mich. F. & M. Ins. Co. v. Wich,* 8 Colo. App. 409, 417; 46 Pac. 687.

Where the portion of a pleading said to be defective is not set out in the abstract and error is not assigned to the ruling of the court thereon, the point will not be considered. *Michael v. Mills,* 32 Colo. 439, 441, 45 Pac. 429. "We are unable to gain any understanding of this case from the abstract of record. * * * For aught we know the ruling complained of was grievous error, but the abstract contains nothing to indicate that it was not entirely proper. * * * It is apparent upon the face of the abstract that it contains fragments, only, of the instructions. * * * The abstract does not show that they were met by any objection, and if they were acquiesced in their contents are unimportant. This abstract fails wholly of the purpose for which an abstract is required." (Judgment affirmed). *Kelly v. Doyle,* 12 Colo. App. 38, 39, 54 Pac. 394.

Objections and exceptions to the admission or exclusion of testimony must appear in the abstract. A statement thereof in the assignment of errors and reference to the bill of exceptions are insufficient. *McPhee & McGinnity v. Fowler,* 36 Colo. 202, 206; 85 Pac. 421. "The abstract is nothing more than an index to the transcript * * * It is so fatally defective that it cannot properly be called an abstract * * * The abstract in this case is so radically deficient that this court, consistent with good practice, must enforce the rule and make the only order appropriate in the premises, dismissal of the writ of error, which is acordingly done." *Purdy v. Geary,* 45 Colo. 129, 100 Pac. 426. "Where the court is unable to determine from an inspection of the abstract whether any error was

committed by the trial court, the practice does not require it to look elsewhere for the information." *Denver M. Co. v. M. Pub. Co.*, 4 Colo. App. 146, 35 Pac. 192.

The same rule applies where the abstract does not disclose an objection made and exception saved to the alleged erroneous ruling. "We are not obliged to search through the record to find that which it is clearly the duty of counsel to point out and print in his abstract." *Thompson v. D. D. & R. Co.*, 25 Colo. 243, 248, 53 Pac. 507.

When it is impossible to obtain from the abstract of record a comprehensive idea of the case the court may decline to consider it. *McFaddin v. Bice*, 58 Colo. 173, 146 Pac. 244. "As neither the instructions given nor those refused appear in the abstract, they will not be considered." *Knowlton v. Knight-Campbell Co.*, 59 Colo. 51, 147 Pac. 330. "Numerous errors are assigned, most of which can not be considered because the abstract shows no objection made to the rulings on which the assignments are based." *Colo. G. D. Co. v. Stearns-Rogers Co.*, 60 Colo. 412, 413, 153 Pac. 765.

It will thus be observed that as to each of the alleged errors of the trial court, discussed in the briefs of counsel, either the bill of exceptions, the abstract of record, or the assignment of errors is so defective as to preclude the consideration thereof by this court. This conclusion we announce with less reluctance because our examination of the bill of exceptions convinces us that substantial justice was done by the judgment below. The writ is accordingly dismissed and the judgment affirmed.

Garrigues, C. J., and Scott, J., concur.

Decided May 3, A. D. 1920.

Rehearing denied June 7, A. D. 1920.