No. 10,907.

HARTFORD ACCIDENT AND INDEMNITY CO. *v.* MANBY.

Decided January 5, 1925. Rehearing denied February 2, 1925.

Action on bond. Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Examining Transcript.* The Supreme Court in reviewing a case, may go to the transcript or record proper, and be guided by anything it may find there, but ordinarily it will not look beyond the abstract, and no litigant may of right call upon it to do so.

2. INDEMNITY—*Suit on Bond.* One suing on an indemnity bond adopts all the provisions thereof applicable to him.

3. *Action—Condition Precedent—Waiver.* Where an indemnity bond contained a condition that written consent of the secretary of the secured organization should be obtained before the bringing of an action by an individual beneficiary, lack of consent, being a matter in abatement, could be and was waived by failure of defendant to set it up by answer in such a suit.

4. CONTRACT—*Third Persons—Acceptance.* A contract between two persons for the benefit of a third, requires an acceptance by the beneficiary. Ordinarily institution of suit constitutes such acceptance.

5. INTEREST—*Time.* In an action on a bond, allowance of interest from date of suit instead of from an earlier time, held proper under the facts disclosed.

6. APPEAL AND ERROR—*Exhibits—Abstract.* Exhibits not set out in the abstract, will not be considered on review.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. IVOR O. WINGREN, for plaintiff in error.

Mr. W. B. MORGAN, Mr. J. B. MANBY, JR., for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter referred to as there.

Defendant executed to the Denver Live Stock Exchange (hereinafter referred to as "the exchange") its indemnity bond for the benefit of said Exchange and certain other persons. Plaintiff, claiming to be one of the persons for whose benefit said bond was executed, and claiming damages in the sum of $4,956.96 by reason of a breach thereof, brought this action to recover that amount from defendant. A jury was waived and the cause tried to the court. Findings and judgment were for plaintiff and to review that judgment defendant prosecutes this writ.

The Exchange is an organization of the same general character as similar exchanges throughout the country. The bond in question was executed to its secretary and was given, among other things, to guarantee that all persons named in "schedule A" thereto attached (live stock commission merchants at Denver and members of the Exchange) would deal fairly and honestly with their customers. It was also provided therein that "the persons damaged by the breach of any condition hereinbefore set out may maintain an action on this bond in their own name to recover their damages, first obtaining written consent of the secretary of such Exchange, to bring suit, * * *."

Among the persons named in said "schedule A" was The Rogers Live Stock Commission Company (hereinafter re-

ferred to as the "Rogers Company") and the bond, as relating to that company, was in the sum of $5,000.

Plaintiff says that on October 25, 1920, he, as owner, shipped said Rogers Company, as live stock commission merchants, 909 head of sheep for which, after making all proper deductions for commission, etc., there was due him a balance of $4,956.96, and that the Rogers Company having defaulted he brought suit and obtained a judgment against it for that amount (plus other sums due), which judgment he is unable to collect. Defendant says that on and prior to October 20, 1920, plaintiff was an agent of the Rogers Company to purchase sheep for it on commission, and at that time, by reason of such transactions, the Rogers Company owed plaintiff, or those from whom he had made purchases, the sum of $9,894.51. That when plaintiff shipped the 909 head of sheep in question he simultaneously drew a draft on the Rogers Company for the sum of $9,468.30 which included payment for said sheep and that said draft was paid by the Rogers Company, but was wrongfully applied by plaintiff to the other debts. Plaintiff in his replication admits that on October 20, 1920, he was a creditor of the Rogers Company in the sum of $9,894.51, and the said draft was a payment thereon. The cause was tried October 17, 1923. Plaintiff testified in his own behalf, supporting in full the allegations of his complaint and denying everything material in the answer. In the course of his examination the following occurred:

"Q. Did you get permission from the live stock exchange to bring this suit?

A. Yes, sir.

Mr. Wingren. I object to that unless it is in writing.

Mr. Morgan. We do not allege that he obtained permission in writing.

The Court. You do not allege anything about it, do you?

Mr. Morgan. No; we do not; we just simply say—

The Court. I will overrule the objection because you can ask him whether it was in writing."

Counsel for defendant did not except to the ruling and made no further inquiry on that subject.

The entire defense, as disclosed by the abstract, is as follows: "The defendant then to maintain its issues introduced in evidence Exhibits 1, 2, 3, 4 and 5 and the records in the case of Manby vs. Rogers Live Stock Commission Company, and rested." Said exhibits and records are not in the abstract.

It ought not be necessary at this late date to reiterate that while this court always reserves the right to go to the transcript, or record proper, and be guided by anything it may find there, it will not ordinarily look beyond the abstract of record and no litigant may of right call upon it to do so. *Zall Jewelry Co. v. Stoddard,* 68 Colo. 395, 397, 190 Pac. 506.

Counsel for defendant sums up his seven assignments of error under four heads, i. e.: (1) Plaintiff when he sued on the indemnity bond adopted all the provisions thereof applicable to him; (2) the requirement of the bond that the person damaged by its breach should, before suit, obtain the written consent of the secretary of the exchange, was a condition precedent which must be pleaded and proved before plaintiff can recover; (3) the evidence shows that the draft drawn by plaintiff on the Rogers Company paid for the 909 sheep in question; (4) that plaintiff is attempting recovery against defendant by fraud in misapplying the money received on said draft.

1. That plaintiff adopted the provisions of the bond as contended is not only the law but is undisputed herein by plaintiff.

2. The provisions of the bond relating to the written consent of the secretary of the Exchange was for the benefit of defendant, not plaintiff. If defendant wished to waive that clause it might do so. Failure to give written notice before filing suit did not affect the merits of the cause, but went only to plaintiff's right to maintain this particular action. This therefore is matter in abatement not appearing on the face of the complaint and under our

code it must be set up by way of answer, failing which it is deemed waived. 1 C. J. 110; § 170; *Watson v. Lemen,* 9 Colo. 200, 202, 11 Pac. 88; *Olson v. Harvey,* 68 Colo. 180, 185, 188 Pac. 751; *United Workmen v. Taylor,* 44 Colo. 373, 375, 99 Pac. 570.

3. The trial court specifically found against defendant on the evidence. Assuming that the evidence is as alleged in defendant's brief, we have no doubt about the correctness of that finding. Assuming that the defense is disclosed by the abstract there is not even room for argument.

4. This point, while made by counsel for defendant, is not argued. We think it is well covered by the third point and fully disposed of by what we have said above.

In addition to the foregoing plaintiff assigns as cross-error the court's allowance of interest only from the date of suit instead of from October 25, 1920, the date of the shipment, or at least from August 25, 1922, when, as is said, defendant wrote a letter denying liability on the bond.

A contract between two persons for the benefit of a third requires an acceptance by the beneficiary. In ordinary cases the institution of suit constitutes such acceptance. *Johnson v. Central Trust Co.,* 159 Ind. 605, 610; 65 N. E. 1028. No other acceptance is disclosed by this record, hence interest would begin from that date. Defendant's letter above referred to is not in the abstract and we do not consider it.

For the foregoing reasons the judgment is affirmed.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE CAMPBELL concur.