## No. 12,001.

ROLLMAN *v.* STENGER, RECEIVER.

Decided October 29, 1928.

Mr. Omar Garwood, Mr. Charles H. Small, for plaintiff in error.

Mr. W. A. Alexander, Mr. D. D. Keim, Mr. Gerald Hughes of counsel, for defendant in error.

*Department Two.*

Mr. Justice Butler delivered the opinion of the court.

Margaret Rollman was injured in a collision with a street car operated by employees of E. Stenger, the receiver of The Denver Tramway Company. She claims that the collision was caused by negligence on the part of such employees. The verdict and the judgment were for the defendant.

The plaintiff was walking across a street in Denver. She was walking on that part of the street known as the sidewalk crossing, the part used by pedestrians. Her attention was attracted by an on-coming automobile and, as her counsel say in their brief, she was "oblivious or unaware of any street car that might be approaching her," and "when she became aware of the approaching street car, it was too late for her to extricate herself from her position of danger." She was then on or between the street car tracks. The plaintiff testified that when the automobile had passed she started ahead, saw the street car, heard the bell, "hesitated which way to go," stepped back "off of the second track," thinking that it was the safer course, and "that was the last I knew." The motorman in charge of the car testified that when the car was opposite the plaintiff "she walked right into the left front corner of the street car." Another witness said, "It looked as if she never saw the street car, because she was walking right towards it";

and according to another, the plaintiff "walked right into the car," and at that time the plaintiff seemed "unmindful of what she was doing." This testimony is quoted by the plaintiff in support of her contention that the court erred in refusing to give her requested instruction No. 7, substantially to the effect that when a motorman sees a pedestrian approaching in circumstances that would lead him to believe, as a person of ordinary prudence, that the pedestrian is not aware of the approach of the car, it is the duty of the motorman to take steps, "as an ordinary prudent person under similar circumstances," to prevent the pedestrian from placing herself in a position of danger from which it will be impossible to extricate herself.

1. Counsel say that the refusal to give requested instruction No. 7 precluded them from arguing to the jury their strongest point. The instructions given by the court do not appear in the abstract; hence, the plaintiff is not entitled to have this assignment considered by the court. For aught that appears in the abstract, the court may have given an instruction stating the law substantially as requested. To entitle a party to have this court consider an assignment of error based upon the refusal of the trial court to give a requested instruction, the abstract must set out the instructions that the court gave to the jury. We are under no obligation to examine the transcript to discover matters that have been omitted from the abstract, and ordinarily we will not do so. Code, § 442; Rule 36 of this court; *Knowlton v. Knight-Campbell Music Co.*, 59 Colo. 51, 147 Pac. 330; *Rape v. Ness Music Co.*, 69 Colo. 186, 193 Pac. 495; *Hartford Acc. & Indemnity Co. v. Manby*, 76 Colo. 464, 232 Pac. 927; *Otto & Schleter v. Hill*, 11 Colo. App. 431, 53 Pac. 614. Where a case is considered en banc, seven justices participate in the consideration and decision of the case; when in department, four justices participate. There is only one transcript. The rule with reference to abstracts is intended not only to place the case before the

court in abbreviated form, but to supply each participating justice with a copy, thereby facilitating the prompt disposal of court business. It is manifest that one transcript cannot be examined by all the participating justices at the same time.

2. Without committing ourselves to the practice of resorting to transcripts, we will say that the transcript in this case discloses the following situation: An instruction, not objected to or excepted to by the plaintiff, stated the law of last clear chance. It was not in the form of the plaintiff's requested instruction No. 7, and it did not in terms refer to the duty of a motorman who sees a pedestrian approaching in circumstances indicating that the pedestrian is not aware of the approach of the car. But in another instruction, the court told the jury that "It is the duty of the motorman to exercise ordinary care and diligence to ascertain whether the track ahead is clear and to avoid striking persons upon the track or close to the same, when, by the exercise of ordinary care and diligence, it is reasonably possible to do so; he is bound to notice the presence of pedestrians ahead of his car, being watchful for that purpose, *and if he has reason to apprehend danger,* he should regulate the speed of the car so that it might be quickly stopped should occasion require it." If the motorman had reason to believe that the plaintiff, as she approached the track, was not aware of the approach of the car, he had "reason to apprehend danger"; in which event it was his duty, the court told the jury, to "regulate the speed of the car so that it might be quickly stopped, should occasion require it." Under this instruction, coupled with the special instruction applying the last clear chance rule, the plaintiff's counsel could argue, and the jury could consider, and doubtless did consider, the question whether or not the motorman saw the plaintiff approaching in circumstances that would lead him, as a person of ordinary prudence, to believe that the plaintiff was not aware of the approach of the car. We cannot say that

the court committed reversible error in refusing to give requested instruction No. 7.

3. Because of her failure to set out in the abstract the instruction given, the plaintiff is in no position to urge her assignments of error based upon the refusal of the trial court to give other instructions requested by her. Counsel direct our attention to these assignments, but do not argue them. However, the transcript shows that, so far as these requested instructions state the law, they were substantially covered by the instructions given. The assignments are without merit.

The judgment is affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.