[No. 5318.]
[No. 2956 C. A.]

SEERIE, SHERIFF, ET AL. V. BREWER.

1. **Practice in Civil Actions—Pleading—Special Demurrer—Answer—Waiver.**

Where, after a demurrer that two causes of action were improperly joined in the complaint had been overruled, defendants answered, they thereby waived their right to have such ruling reviewed on appeal.—P. 300.

2. **Execution—Wrongful Levy—Liability of Execution Creditor —Statutory Construction.**

A judgment creditor, who authorizes or knowingly ratifies the act of an officer who seizes and sells exempt property of the judgment debtor under execution, is liable for three times the value of such property under Mills' Ann. Stats., § 2564, providing that if "any officer or other person," by virtue of any execution or other process, shall take or seize exempt property, such officer or person shall be liable to the party injured for three times the value of the property so taken.—P. 300.

3. **Practice in Trials—Evidence—Improper Questions—Waiver of Objection.**

A party allowing an improper question to be asked without objecting thereto, cannot afterwards be heard to complain of an unfavorable responsive answer.—P. 302.

4. **Practice in Trials—Contradicting Own Witness.**

It is permissible for a party to ask his own witness a question which, if answered favorably, would tend to contradict his other witnesses.—P. 302.

*Appeal from the District Court of the City and County of Denver.*

*Hon. John I. Mullins, Judge.*

Action by Eugene L. Brewer against David D. Seerie, sheriff of Arapahoe county, and The McCormick Harvesting Machine Company. From a judgment for plaintiff, defendants appeal. *Affirmed.*

Mr. WM. T. ROGERS, Mr. FRANK W. BARRY, and Mr. JOHN F. MAIL, for appellants.

Mr. EDWIN H. PARK, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The complaint, by a judgment debtor, contains two causes of action. The first, based upon section 2564, Mills' Ann. Stats., is for treble damages, against a sheriff and the judgment creditor for taking and seizing and selling under an execution, property of the judgment debtor exempted by law from levy and sale. The second is for an excessive and malicious levy.

The court at the trial sustained defendants' motion for a nonsuit to the second cause of action, and the jury returned a verdict against the defendants, upon which judgment went, for treble damages, under the first cause.

1. Defendants demurred jointly to each of the causes of action on the ground that the same was insufficient, and also that two causes of action were improperly joined in one complaint. This demurrer was overruled and the defendants answered. In thus answering, the overruling of the demurrer upon the special ground was waived, and defendants cannot now be heard to complain of it.

2. The principal question in the case is as to the liability of a judgment creditor for treble damages under our statute. It reads: "If any officer or other person, by virtue of any execution or other process, or by any right of distress, shall take or seize any of the articles of property hereinbefore exempted from levy and sale, such officer or person shall be liable to the party injured for three times the value of the property illegally taken or seized, to be recovered by action of trespass, with costs of suit."

The defendants say that this statute was taken from Illinois, which, in *Pace et al. v. Vaugn,* 1 Gil-

man (6 Ill.) 30, was held not to authorize a recovery
of the penalty from the judgment creditor, but only
from the officer who actually makes the seizure.   Our
statute is not identical with the Illinois statute there
construed.   The Illinois act reads:   "If any sheriff
or other officer shall take or seize any of the said
articles of property by virtue of any execution, he
shall be liable," etc.   It purports to impose the
penalty only on "any sheriff or other officer," while
our statute says:   "If any officer or other person"
seizes or takes, he shall be liable, etc.

Defendants, however, contend that the words
"other person," under the maxim *noscitur a sociis,*
mean "some person clothed with the power and
process of an officer," but not a judgment creditor.
We do not believe that such is the meaning of the
statute.   If "other person" in our statute is in-
vested with the power of executing the process of an
officer, he then becomes, in legal effect, and for such
purpose, an "officer."   That being true, "other per-
son" would have no meaning, and add nothing to
"officer."   We think the statute is broad enough to
include an execution creditor, who authorizes, or
knowingly ratifies, the act of an officer who wrong-
fully seizes under an execution and sells property
of a judgment debtor which is exempt by law from
levy and sale.   Whether this creditor was brought
within the terms of the statute was submitted to the
jury with the result of a finding that it was liable.

In two cases in this court—*Harrington v. Smith,*
14 Colo. 376, and *Weil v. Nevitt,* 18 Colo. 10—the
action in each was under this statute and against
the judgment creditor and the officer who made the
seizure.   Judgment in the latter case was in favor
of the plaintiff against both defendants and was
affirmed.   The particular point here made, that the
statute does not include a judgment creditor, was not

raised in either one of those cases, and so they are not necessarily decisive of this controversy. But, for the reasons given, we think the judgment creditor may, in a proper case, be held liable.

3. At the trial plaintiff's counsel asked of one of his own witnesses a question, the answer thereto, defendants' counsel say, if favorable to the plaintiff, would tend to impeach his own witness. It is doubtful if the point has been properly saved. The general rule is that if a party suffers an improper question to be asked without objecting thereto, he cannot thereafter be heard to complain of an unfavorable responsive answer. But there is no merit in the point if it has been properly saved. There was no attempt by plaintiff directly to impeach any of his own witnesses. The most that can be said of the question propounded by plaintiff's counsel is that a favorable answer would have tended to contradict his witnesses, and this is permissible.—*Moffat v. Tenney,* 17 Colo. 189.

4. An examination of the evidence discloses that there is a conflict as to the claim of exemption made by the plaintiff, as well as in other particulars, but these questions of fact in issue between the parties were resolved in plaintiff's favor by the jury, and we cannot, in the state of the record, interfere with the verdict.

5. Plaintiff's cross-error to the ruling of the court dismissing the second cause of action is without merit. The evidence was not legally sufficient to make out a case thereunder.

Perceiving no prejudicial error in the record, the judgment must be affirmed.      *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.