[No. 5477.]
[No. 3147 C. A.]

Newton et al. v. The Cardwell Blue Print and
Supply Company.

1. **Appellate Practice—Replevin—Questions—Not Raised Below.**
In an action of replevin, where no objection was made by defendant in the trial court to the lack of proof that plaintiff was ever the owner of or in possession of the articles in question, such question cannot be raised on appeal.—P. 493.

2. **Appellate Practice—Verdict—Conclusiveness.**
A verdict returned under proper instructions and based upon sufficient evidence, is conclusive on appeal.—P. 493.

3. **Appellate Practice—Instructions—Necessity of Exceptions for Review.**
Where no exceptions were saved in the trial court to instructions given, their assignment as error will be disregarded. —P. 494.

4. **Appellate Practice — Nondirection — Failure to Request Instructions.**
Mere nondirection is not available error, in the absence of requests for instructions.—P. 494.

5. **Bailment—Fraudulent Pledge of Goods by Bailee—Larceny—Rights of Pledgee.**
Where a bailee of goods for safe-keeping pledges them with intent to convert the proceeds to his own use, he is guilty of larceny, and the pledgee acquires no title as against the owner, though he dealt bona fide with the pledgor.—P. 494.

*Appeal from the District Court of the City and
County of Denver.
Hon. Frank W. Owers, Judge.*

Action of replevin by The Cardwell Blue Print and Supply Company against Harris Newton and Frank A. Newton, partners under the firm name of Newton's Collateral Loan Bank. From a judgment for plaintiff, defendants appeal. *Affirmed.*

Mr. W. T. Rogers, for appellants.

Mr. W. D. Wright, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Replevin for a mining transit and tripod.

The undisputed evidence was, that appellee delivered possession of the property to one Rodgers, upon representations to the effect that he had a purchaser for the property. Rodgers was to receive a commission for making the sale. He pawned the property to appellants. Appellants took the articles in good faith and without knowledge that Rodgers was not the owner thereof.

Trial to a jury resulted in a verdict and judgment for appellee.

Appellants contend that there was no proof that appellee was ever the owner of or in possession of the property.

Evidence introduced by appellants establishes the ownership and possession of the property in appellee. Furthermore, this point was not raised in the court below, and, if any doubt existed, appellants are not in a position here to take advantage thereof.

Appellants further contend that the evidence shows that appellee sold the transit to Rodgers.

Appellants introduced in evidence a memorandum account taken from the books of appellee showing that the transit had been charged to Rodgers' account.

Evidence was introduced by appellee explanatory of this account.

The jury was correctly instructed upon this phase of the case, to which instruction appellants interposed no objection.

The jury having decided the question here presented adversely to appellants' contention, upon testimony sufficient to warrant the verdict, we are concluded thereby.

There have been two trials of this case, both resulting in judgments against appellants.

No exceptions were saved to any of the instructions given to the jury, although the instructions are assigned for error.

These assignments of error, under the well settled rule of this court, will be disregarded.

Appellants complain. that the court did not instruct the jury in accordance with their theory of the case.

No instructions whatever were requested by appellants. Mere nondirection is not available error in the absence of requests for instructions.— *Mackey v. Briggs,* 16 Colo. 143, 146; *Brown v. People,* 20 Colo. 161, 167; *Highlands v. Raine,* 23 Colo. 295, 300.

The principle controlling this case is thus stated in the syllabus of *Gottlieb v. Hartman,* 3 Colo. 53:

"Where a bailee of goods for safe-keeping merely pledges the same with intent to convert the proceeds to his own use, such pledge amounts to larceny by the pledgor, and the pledgee acquires no title as against the owner, though he dealt *bona fide* with the pledgor."

Rodgers was the bailee or agent of appellee to make a sale of the property. The appellants acquired no title to the property as against appellee by virtue of the pledge of the property to them by Rodgers, although they may have dealt in good faith with Rodgers.

This principle was correctly stated in the charge of the court to the jury.

Judgment affirmed.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concurring.