[No. 5484.]

[No. 3154 C. A.]

THE SCOTT SUPPLY AND TOOL COMPANY v. ROBERTS.

1. **Appellate Practice—Estoppel to Complain of Ruling on Evidence.**

Even if a word, as used in a contract, was unambiguous, plaintiff cannot urge an objection to evidence introduced by defendant as to its meaning, having also introduced testimony of the same tenor and effect.—P. 282.

2. **Sales—Contract—Construction—"Plant"—Words and Phrases.**

Where plaintiff's agent, when taking an order from defendant for an engine with connections, was present at defendant's well, wherein was installed a pump invented by defendant, and knew that defendant desired such engine to obtain power to operate the pump for raising water to irrigate his crop, the word "plant" in the written order that payment should be made as soon as "plant" is running in good order, will be held to cover and include the pump as well as the engine, since its operation was essential to accomplish the purpose desired.—P. 283.

3. **Appellate Practice—Harmless Error.**

Any error in submitting to the jury a question clearly determined by a contract on its face, is harmless, where the finding was in conformity with such construction.—P. 283.

*Error to the County Court of Weld County.*
*Hon. Charles E. Southard, Judge.*

Action by The Scott Supply and Tool Company, a corporation, against John P. Roberts. From a judgment for defendant, plaintiff brings error.
*Affirmed.*

Mr. H. E. CHURCHILL (Mr. JOSEPH C. EWING, of counsel), for plaintiff in error.

Mr. ELBERT C. SMITH, for defendant in error.

Mr. JUSTICE GODDARD delivered the opinion of the court:

The facts upon which this controversy arises are, in brief, as follows:  On August 11, 1902, the plain-

tiff in error sold to defendant in error a certain gaso-
line engine and appurtenances, at and for the agreed
price of five hundred and seventy-five dollars, to be
operated in pumping water from a well on defend-
ant's land to irrigate about sixty acres planted in
potatoes.  Defendant admits the purchase of the
engine and appliances upon the terms and conditions
set forth in the following written order:

"The Scott Supply & Tool Co., Denver, Colo.
"Ship to John P. Roberts.
"How ship—F. by U. P. R. R.
"When—At once.
"Terms—Cash.  As soon as plant is running in
good order.

"One 14-h.p. Charter engine, with all the con-
nections including battery and fifty feet of 6-ply
O-8-inch rubber belt.  Will furnish a man to set it up.
Party to pay expenses from Denver.  No charge for
time of man.  Price, f. o. b. Denver, $575.

"(Signed)   John P. Roberts."

and claims that the plant referred to in the order was
to be put in good running order by the 13th day of
August, 1902; that the plant was not put in good run-
ning order on the 13th, or at any time, and that on the
20th day of August, 1902, he rescinded said order,
and gave plaintiff notice that he would not accept
the engine.

Plaintiff, on the other hand, insists that it deliv-
ered the engine and accessories at the time and fully
complied with the terms of the contract.

There is a marked conflict in the testimony intro-
duced by the respective parties as to the actual
operation of the engine and pump; that of the plain-
tiff being to the effect that the plant, including the
pump, was put in good running order, and success-

fully operated; that of defendant to the effect that not only the plant, including the pump, was not put in good running order, but that the engine itself was never put in good running order.

There was testimony given by disinterested witnesses to support both of defendant's contentions, and upon which the jury, in the exercise of its province to determine the weight of evidence and credibility of witnesses, might have based its verdict for defendant; but, since their finding might have been, and probably was, based upon the theory that the word "plant," as used in the written order, included the pump as well as the engine by which it was to be operated, it becomes necessary to determine what the word "plant" referred to and was intended to cover in the circumstances surrounding the transaction.

Counsel for plaintiff in error insists that the word "plant," as here used, was unambiguous when considered with the actual state of the subject-matter at the time of the execution of the contract of sale, and plainly referred only to the engine itself and attachments, and assigns as error the ruling of the court in admitting testimony offered by the defendant as to the construction that should be placed upon the written contract above mentioned.

Whether the court erred in this particular we do not feel called upon to determine, since the plaintiff is not in a position to avail itself of this objection, having on its own behalf introduced testimony of the same tenor and effect. Experts called by defendant were allowed to testify, without objection, to the meaning of the word "plant" when used in connection with an engine and pump, as in this case, and in rebuttal plaintiff in error offered to prove by William Nash, the agent of plaintiff who made the sale, what the term "plant," as used in the order, would imply.

The Century dictionary defines the word "plant" as "the fixtures, machinery, tools, apparatus, appliances, etc., necessary to carry on any trade or mechanical business, or any mechanical operation or process."

In *Yarmouth v. France,* 19 Q. B. D. 647, at page 658, Lindley, L. J., says that:

"Plant, in its ordinary sense, 'includes whatever apparatus is used by a business man in carrying on his business,   *   *   *   all goods and chattels fixed or moveable, live or dead, which he keeps for permanent employment in his business.' "

Reading this contract in the light of these definitions, and the circumstances surrounding the parties at the time of its execution, and the object and purpose for which the engine was purchased by defendant, the word "plant," as therein used, was clearly intended to cover the pump, as well as the engine, and that both parties so regarded and understood it.

Mr. Nash, the agent of the plaintiff, at the time he procured the order, was present at the well of the defendant wherein was installed a pump of which he was the inventor, and knew that the defendant desired to obtain power to utilize this pump in raising water from a well that afforded an abundant supply, for the purpose of irrigating his crop of potatoes. It was, therefore, manifest to him that the defendant desired to purchase, and contracted for, the engine to operate the pump. In such circumstances, it was manifestly intended and understood that the word "plant," as used in the contract of purchase, should cover and include the pump, as well as the engine, since its operation was essential to accomplish the purpose desired. And it follows, therefore, that if the court did err in submitting to the jury a question that was clearly determined by the contract on its face, and their finding was in conformity with such

construction, such action, if erroneous, in no way prejudiced the rights of the plaintiff.

Error is also assigned upon the giving and refusing of other instructions which, after careful consideration, we think are untenable. The instructions given by the court fully and fairly announced the law, and embodied, in substance, the instructions asked by the plaintiff which were refused so far as they express the law. In lieu of giving plaintiff's instruction No. 5, the court instructed the jury as follows:

"You are further instructed that if the engine furnished * * * was sufficient to operate an ordinary pump of the character and description and purposes of the pump on defendant's premises, but on account of some fault or defect in the pump, unknown to the plaintiff, plaintiff was prevented from putting the pump in good order and operating the said pump, then you will find for the plaintiff." And, further:

"That if, from the evidence, you find that it was the intention of the parties to this suit that the defendant was to pay for the engine when it was put in good running order by the plaintiff, and that it was put in good running order by the plaintiff, then you should find for the plaintiff."

The further error assigned and argued is, that the judgment is contrary to the law and the evidence.

After carefully examining the record, we are satisfied that the judgment is supported by the evidence and conforms to the law as we have announced it.

The judgment is affirmed.      *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.