[No. 7914.]

## ROGERS v. ROGERS.

1. DIVORCE—*Complaint*. The wife's complaint for divorce alleged that she was living apart from her husband, and, besides other wrongs and neglect, that on various occasions, the husband, without cause or excuse, had left her, and absented himself from the state for months, making no provision for the support of his family, and that plaintiff had been compelled to earn money by her own labor, for the support of herself and their child. *Held* to sufficiently show that the wife was justified in living separate and apart from the husband. (132)

Under Rev. Stat. § 2112 the wife's complaint may allege non-support by the husband, he being in good bodily health, "for more than one year", even though this may require the husband to justify or excuse his conduct for any number of years. (132)

2. PLEADING—*Supplemental*. A supplemental cross complaint filed without leave may be stricken from the files. (134)

3. ——*Amendment—Supplemental Pleading*. The amendment of a pleading rests in the discretion of the trial court, and its action will not be reviewed unless an abuse of the discretion appears.

An application for leave to file a supplemental cross complaint, not supported by affidavit is properly refused. (Code § 80.) (135)

4. CONTINUANCE—*Diligence Required*. The action of the trial court in denying an application for a continuance will not be reviewed unless an abuse of discretion is shown.

The application, grounded upon the absence of a witness, was filed upon the day appointed for trial. The cause had then been at issue for more than four months. The affidavit in support of the motion stated that defendant had for two weeks been endeavoring to ascertain the whereabouts of the witness, but failed to state what he had done in or towards this inquiry; and gave no excuse for the failure to institute the search at an earlier date. It averred that plaintiff had received a letter, stating that the witness was at one of three places named, but defendant failed to produce the letter, excuse its non-production, or give the name of the writer. *Held* that there was no abuse of discretion in denying the application. (135, 136)

5. BILL OF EXCEPTIONS—*When Necessary*. Where the evidence is not presented the refusal of an instruction will not be considered. (136)

6. INSTRUCTION.—*Objections To*, not presented at the time the change is given cannot be assigned for error.  (136)

*Error to Denver District Court.*—Hon. GEO. W. ALLEN, Judge.

Mr. WALTER M. DUFF, for plaintiff ·in error.

Mr. PERRY D. ROSE, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Action for divorce. Verdict and decree for plaintiff. Defendant brings the case here for review on error, and assigns the following in support of his contention that the judgment of the district court should be reversed: (1) That the complaint does not state facts sufficient to constitute a cause of action. (2) The refusal of the court to grant his motion to strike from the complaint. (3) Striking his supplemental cross-complaint from the files. (4) Refusal to grant his motion to refile the supplemental cross-complaint. (5) Refusal to grant his motion for a continuance. (6) Refusal to give the jury an instruction offered by him. (7) Error in instructions given.

(1) The ground for divorce alleged in the complaint was the failure of the defendant to make reasonable provision for the support of plaintiff and their minor child. She alleged that she and her husband were living apart, and it is contended that it was incumbent upon her to have alleged the cause of separation in order to show that she was justified in living apart from her husband and entitled to his support. She alleged that on account of the failure of the defendant to make reasonable provision for the support of herself and their

minor child she had been compelled to work as a milliner, and to perform at times manual labor other than her household duties, in order to support herself and child, and that on various occasions defendant had left her without just cause or excuse, and absented himself from the state for periods of nine or ten months at a time, without making any provision for the support of his family during his absence. Clearly she was justified in living separate and apart from her husband when this course was necessary in order to earn money with which to provide the support which it was the duty of the defendant to make provision for.

(2) In her complaint the plaintiff charged that defendant, being an able bodied man in good health, had failed and refused to make any reasonable provision for the support of plaintiff and their child, for more than one year next preceding the beginning of this action. The defendant moved to strike from the complaint the words, 'more than';—which was denied. It is contended that this motion should have been sustained because by the words, 'more than one year,' the defendant would be compelled to plead to and defend against any number of years. One of the grounds of divorce specified in the statute is the failure of the husband, being in good bodily health, to make reasonable provision for the support of his family for the space of one year. In support of this ground the plaintiff may show that the period of non-support which will entitle her to a divorce is greater than that specified in the statute, and it is not error to so plead.

(3) It appears that defendant's supplemental cross-complaint was filed *ex parte* and it was not error for the court to sustain the motion to strike it from the files in these circumstances.

(4) In his original answer and cross-complaint the defendant denied that he had failed to support his family and alleged that plaintiff had willfully deserted and absented herself from him without reasonable cause for the period of one year next preceding the date of filing this

pleading,—which was filed November 21, 1911. December 11th, following, the plaintiff filed her replication and answer to the cross-complaint. January 12, 1912, defendant requested leave to refile his supplemental and amended cross-complaint which, among other averments, charged that the plaintiff had been guilty of adultery. The cause was commenced May 24, 1911. It was at issue for more than two months prior to the date defendant requested leave to amend his pleadings by refiling his supplemental cross-complaint. The Code provides that the court may, upon affidavit showing good cause therefor after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading. The refusal of the court to permit an amendment to a pleading rests in its sound discretion and will not be reversed except it appears that such discretion has been abused. In this case no affidavit was filed setting forth any reasons why the defendant should be permitted to refile his cross-complaint at the time it was tendered. The showing merely consists of an unverified statement signed by counsel for defendant to the effect that defendant did not have the evidence sufficient to sustain the charges of adultery as set forth therein at the time he filed his original answer. On such a showing it can not be said the court abused its discretion in refusing defendant leave to refile his cross-complaint.

(5) March 13, 1912 the defendant interposed a motion for a continuance on account of the absence of a witness. Large discretion is vested in trial courts with reference to a continuance, and unless it is shown that such discretion was abused it will not be reversed. The showing in support of such a motion must be upon affidavit from which it appears that the moving party has used due diligence to procure the attendance of the witness whose testimony it is claimed is material. From the record it appears that the case was set for trial on the date the motion for a continuance was interposed. The affidavit of defendant stated that he had been endeavoring to ascertain the whereabouts of the witness for two

weeks previous to the date the application was made. No excuse is offered why he did not attempt to learn this previous to the time he says he did commence efforts for this purpose. He deposes that he had a letter from a person whom he had employed to locate the witness, wherein it was stated that she was either in Loveland, Ft. Collins or Greeley, but does not produce the letter nor offer any excuse for its non-production. He does not disclose the name of the person he employed, nor offer his affidavit stating the steps he had taken to ascertain the whereabouts of the witness. In these circumstances we think the court did not abuse its discretion in refusing his application for a continuance.

(6) The defendant requested an instruction to the effect that plaintiff admitted she had absented herself from her husband for more than one year; that such absence would not be justified except for reasonable cause, and that if it appeared that at the time she left the defendant he was making reasonable provision for the support of his family, consistent with his means and ability, then her absence from defendant was not with reasonable cause:—which was refused. Presumptively this instruction is based upon the averments of the cross-complaint to the effect that plaintiff had deserted the defendant. The testimony is not before us, not having been preserved by a bill of exceptions. It was not error to refuse the instruction unless there was testimony to support the theory upon which it was based. In the absence of the testimony we must assume that the action of the court in refusing the instruction was proper.

(7) The objections urged to the instructions given are to the effect that the court did not explain the words, 'reasonable cause' and what 'constituted desertion.' Defendant did not object to the instructions at the time they were given. Neither did he request to have the expressions in the instructions to which he refers defined.

The judgment of the district court is affirmed.

*Judgment affirmed.*

Decision *en banc.*