No. 10,152.

LeDoux *v.* Horowitz.

Decided November 7, 1921.

Action to recover purchase price of stock sold by fraud and deceit. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. Instructions—*Non-Direction.* Mere non-direction is not available error in the absence of requests for instructions.

2. Appeal and Error—*Instructions—Objections and Exceptions.* The appellate court will not review alleged errors based on instructions, which the trial court was not given an opportunity to correct.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. John D. Milliken, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Whitford delivered the opinion of the court.

Defendant in error sued to recover the purchase price of fifteen shares of the capital stock of The Independent Tractor and Farm Machinery Company from plaintiff in error and one E. L. Scott, for fraud and deceit practiced upon him in effecting the sale of the stock. The case was tried to a jury and the trial resulted in a verdict for the plaintiff and against each of the defendants, finding them guilty of fraud and wilful deceit. Subsequently, a motion for a new trial was overruled and judgment for the plaintiff entered on the verdict. The plaintiff in error, LeDoux, brings the case here for review and asks that the writ of error be made to operate as a supersedeas and also to restrain the defendant in error from prosecuting a suit on a bond required by the court below as a condition to granting an additional stay of execution.

Plaintiff in error has wholly ignored the requirements of Rule 31 of this court in preparing his assignments of error. He has not only failed to "particularly specify the evidence admitted or rejected", as required by the rule, to which he seeks to object, but he has omitted "to refer to the folio number of the record where such rulings or exceptions appear". However, we have reviewed all of the evidence and find no substantial error in the rulings of the court in the admission or rejection of evidence in any of the particulars sought to be specified in the assignments of error.

Another assignment is that the instructions "entirely ignore the contract of employment". This objection is mere non-direction. It does not appear from the record that an appropriate request covering the point was made and presented to the court by the plaintiff in error. Mere non-direction is not available error in the absence

of requests for instructions. *Newton v. Cardwell B. P. & S. Co.,* 41 Colo. 492-494, 92 Pac. 914; *Brown v. People,* 20 Colo. 161-167, 36 Pac. 1040; *Whitehead v. Emmerich,* 38 Colo. 13-18, 87 Pac. 790.

Other assignments of error are made to instructions given, but they can be of no avail to the plaintiff in error, because the record is silent on objections and exceptions in the court below. It is well settled that unless an exception to an instruction is made in the court below, so its attention is directed to the error of law comlained of, the court will not review instructions which the trial court was not given an opportunity to correct. This is the law; it is not a rule of court. *Tollifson v. People,* 49 Colo. 219-233, 112 Pac. 794; *Keith v. Wells,* 14 Colo. 321-326, 23 Pac. 991; *Edwards v. Smith,* 16 Colo. 529-530, 27 Pac. 809; *Denver & R. G. R. v. Ryan,* 17 Colo. 98-104, 28 Pac. 79; *Cunningham v. Ft. Collins,* 46 Colo. 473, 104 Pac. 1134; *Supreme Lodge K. of H. v. Davis,* 26 Colo. 252-262, 58 Pac. 595; *Beals v. Cone,* 27 Colo. 473-488, 62 Pac. 948, 83 Am. St. Rep. 92.

We have carefully read the entire record and find an abundance of testimony to support the verdict of the jury in every essential element of the charge made against the plaintiff in error. From the evidence as it appears in the record, the jury could not have well done otherwise. We find no substantial error in the record.

The supersedeas and restraining order are denied and the judgment affirmed.

Mr. Justice Teller and Mr. Justice Allen concur.