## No. 10,039.

### NESTEROFF *v.* THE PEOPLE.

Decided March 6, 1922.   Rehearing denied April 3, 1922.

Plaintiff in error was convicted of murder.

### *Affirmed.*

1.  CRIMINAL LAW—*Order for Defendant's Witnesses at the Expense of the People.* The issuance of an order by the court that the

defendant's witnesses in a criminal case may be procured at the expense of the people, under the provisions of section 2005, R. S. 1908, is discretionary, and the discretion was not abused in the case under consideration.

2. APPEAL AND ERROR—*Instructions.* Error assigned on instructions will not be considered on review, where no objection was made nor exception saved to the giving of the instruction of which complaint is made.

3. CRIMINAL LAW—*Interpreter.* The appointment of an interpreter for witnesses in a criminal case who speak the English language imperfectly, is within the discretion of the court, and in this case no abuse of that discretion is shown.

4. *Conduct of District Attorney.* Questions and comments of the district attorney on the trial, of which complaint is made, reviewed and held to have been justified.

5. APPEAL AND ERROR—*Conflicting Evidence.* Findings of fact by a jury on conflicting evidence will not be disturbed on review.

*Error to the District Court of Routt County, Hon. Francis E. Bouck, Judge.*

Mr. JOSEPH K. BOZARD, Mr. ARTHUR R. MORRISON, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, (hereinafter referred to as defendant) was convicted of murder in the first degree. The jury fixed the penalty at life imprisonment and sentence was pronounced accordingly. To review that judgment defendant sues out this writ. Of his twenty-seven assignments the following alleged errors are argued: 1. The refusal of the court to summon defendant's witness Louis Evanoff at the expense of the people under section 2005 R. S. 1908. 2. The giving of a portion of instruction No. 1. 3. The refusal of the court to appoint an interpreter. 4. Conduct of the district attorney in asking insinuating questions and

making improper comments in argument. 5. The insufficiency of the evidence to support the verdict.

1. The affidavit required by said section 2005 R. S. 1908, was made on behalf of defendant as to eight witnesses. Seven were allowed by the court. One of those was not used by the defense. Subpoena for Louis Evanoff was refused. It was contended that deceased, in conversation with this witness, had threatened defendant. Defendant himself when on the stand was permitted by the court to recite Louis Evanoff's report to him of this alleged threat. The matter thus went before the jury with no opportunity to the people to test it by cross-examination. Furthermore it appears to have been immaterial. The position of the defense was that the killing was accidental and the court so instructed the jury without objection. Counsel for defendant admit that the issuance of the order as to this witness rested in the sound discretion of the court. The record clearly shows that discretion to have been properly exercised.

2. The portion of instruction No. 1 complained of was clearly not prejudicial, and, in view of the fact that no objection was made and no exception saved to this, or any other instruction, we deem it unnecessary to give it further consideration. *Tollifson, et al. v. People,* 49 Colo. 219, 233, 112 Pac. 794; *Zall Jewelry Co., et al. v. Stoddard, et al.,* 68 Colo. 395, 397, 190 Pac. 506.

3. A number of the witnesses were Bulgarians who spoke English imperfectly. Questions and answers were frequently repeated and explained. Jurors, when in doubt, were encouraged to interrogate and did so freely. The appointment of an interpreter was several times suggested. No objection was made or exception saved to the failure of the court to so act. The jurors were asked if they understood the witnesses and answered in the affirmative. The appointment was discretionary and no abuse is shown. *People v. Morine,* 138 Cal. 626, 72 Pac. 166; *State v. Shea,* 78 Wash. 342, 139 Pac. 203; *State v. Inich,* 55 Mont. 1, 173 Pac. 230, 234,

4. Certain questions asked by the district attorney assumed an attempt to bribe or intimidate people's witness Cheoskoroff. The latter himself testified that these acts had occurred. Defendant's witness Kabaroff demonstrated his partisanship. He admitted that defendant owed him money. The district attorney inquired if this fact influenced him. The question was clearly proper. In argument the district attorney referred to "threats and intimidations" employed by "friends of defendant" to prevent the People's witness Cheoskoroff from testifying. In view of the latter's testimony this comment was justified.

5. Defendant was charged with the murder of Pete Evanoff on July 10, 1920. A quarrel had arisen between them concerning a shovel. The people's witnesses say that a fight ensued in which defendant was worsted; that he went to his house near by and within a few minutes returned with a single barrel shotgun, cursing deceased, calling him names, and saying, "I show you now, I will kill you"; that a struggle took place both men at one time having hold of the gun; that defendant "jerked that shotgun and the shot go off"; that deceased "fell down on the ground"; that defendant said to a bystander, "Don't talk to anybody"; that the fatal shot was fired within three or four minutes after defendant returned with his gun; that after he fell deceased exclaimed "He kill me"; that deceased "was shot right here behind the hip", "a couple of inches below the pelvic bone"; and that the thigh bone was fractured and the shot went up into the abdomen.

Defendant testified that just prior to the fight deceased had made to several other persons threats to kill him. None of the others so testified. Defendant further says that after the fight he went into his house, changed his clothes, did some housework, went outside again and found that the gathering had dispersed and no person was in sight; that he returned to his house, worked there a short time longer, then took his gun and started out to hunt for a rattlesnake concerning which there had been some notoriety in the community; that while investigating a disturb-

ance amongst his, hogs he heard footsteps behind him but did not look round until they were very close; that he thereupon discovered deceased very close to him with a club in his hands; that deceased said, "I am going to knock your brain out" and struck him with the club; that a scuffle ensued for the possesion of the gun; that some one came behind defendant and grabbed hold of the gun and while being so held it went off; that turning round he discovered this person to be one Popoff (since deceased); that after the explosion Evanoff cried out, "He killed me."

There is no evidence that at the time of the fight or the shooting deceased had a weapon of any kind, unless it be the stick or club testified to by defendant. The correctness of many of the court's rulings on the admission or rejection of evidence is argued at some length by counsel for defendant. As to those of moment the record discloses no objections made or exceptions saved.

Enough only of this evidence has been recited to indicate clearly its conflicting character. The rule in such cases is well established. It is peculiarly applicable here. Aside from the conflict thus disclosed by the record several of these witnesses illustrated their testimony by enacting before the jury the scene which they had witnessed, showing relatively where the participants stood, how the gun was held, its position and the position of the contestants when the fatal shot was fired—all of which matters, doubtless perfectly clear to judge and jurors, cannot be made so here. When we add to these the element of broken English, often easily comprehended and interpreted when the speaker is before us, but somewhat obscure on the printed page, it would seem that if there was ever a case where every reason existed for the rule that a verdict based upon conflicting evidence will not be disturbed it is the case before us. *Hallack, et al. v. Stockdale, et al.*, 14 Colo. 198, 23 Pac. 340; *Mow, et al. v. People*, 31 Colo. 351, 358, 72 Pac. 1069.

The judgment is affirmed.

MR. JUSTICE TELLER sitting as Chief Justice.

MR. CHIEF JUSTICE SCOTT not participating.