## No. 10,858.

## LOSASSO *v.* CEFALU.

Decided July 7, 1924.

Action for damages.　Judgment for plaintiff.

## *Affirmed.*

## *On Application for Supersedeas.*

1. LANDLORD AND TENANT—*Damages—Directed Verdict.*　In an action by a tenant against his landlord for damages occasioned by a defective foundation to which the leased house was moved while occupied by plaintiff, a motion for a directed verdict for defendant held properly denied.

2. APPEAL AND ERROR—*Evidence—Harmless Error.*　The rejection of a contract offered in evidence, held harmless, where the complaining party was permitted without objection to testify fully to its contents.

3. LANDLORD AND TENANT—*Damages—Negligence.*　In an action by a tenant against his landlord for damages to his household goods by falling walls and ceilings caused by a defective foundation onto which the house was moved, the contention that the injury was occasioned by an independent contractor on the work is overruled.

4. TRIAL—*Issues—Remarks of the Court.*　Where the pleadings, evidence and instructions show an action for negligence, remarks of the court could not change the issues, nor affect the application of proper legal principles.

5. APPEAL AND ERROR—*Assignments.*　Where there is no assignment of error based on a ruling of the trial court sustaining an objection to evidence, the reviewing court is not required to consider the question.

6. LANDLORD AND TENANT—*Damages—Contributory Negligence—Assumption of Risk.*　Where the house occupied by a tenant was moved to a new foundation which was defective, resulting in a collapse of the walls and injury to plaintiff's goods, in an action for damages against the landlord, it is held under the facts disclosed, that there was no contributory negligence or assumption of risk on the part of the tenant.

*Error to the District Court of the City and County of
Denver, Hon. Clarence J. Morley, Judge.*

Mr. CHARLES H. SMALL, for plaintiff in error.

Messrs. DOUD & WALKER, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THIS suit was instituted by defendant in error against
plaintiff in error to recover damages alleged to have been
sustained to the household goods and effects of plaintiff, on
account of the negligence of defendant. The parties will
be designated here as in the trial court.

Verdict and judgment for plaintiff. Defendant brings
the case here and moves for a supersedeas.

It appears that defendant was the owner of a certain
brick dwelling house in the city of Denver, occupied by
plaintiff with his family, as a tenant of defendant, having
therein his household goods, furniture and personal ef-
fects; that while the premises were so occupied by plaintiff,
defendant moved the house to another site, some distance
to the rear of the original site. The complaint alleges, inter
alia, that defendant located, prepared and constructed a
brick foundation upon which the house was placed when it
was removed to the new site; that defendant negligently lo-
cated and laid the foundation and footings of the same at
an inconvenient depth, and near an excavation, and upon
soil unfitted to sustain the same; that defendant lowered
the house upon the foundation, and that by reason of the
negligent preparation, location and laying of the founda-
tion, it gave way, the floors sank, part of the walls and
part of the roof fell, causing damage to plaintiff's house-
hold goods and effects which had remained in the house
during the time it was being moved and placed upon the
foundation.

Condemnation proceedings had by the city of Denver
made it necessary for defendant to either raze the building

or remove it, and he alleges by way of defense "That it was apparent, and plaintiff saw and was fully advised, that it would be dangerous to continue in the occupancy of said premises, but notwithstanding he elected to stay," and further alleges that while Morris & Son were moving the building, the floors commenced to settle, "and thereupon plaintiff called defendant's attention thereto, who then and there advised plaintiff of the danger of further continuing in said premises, but notwithstanding, he elected to stay, and did stay."

The evidence established that plaintiff had occupied the house as tenant from month to month for eighteen months prior to its removal, and paid all or part of a month's rent in advance on the day preceding the collapse; that plaintiff knew defendant had to either tear the house down or remove it; that Mrs. Cefalu was in the house at the time of collapse, and there was evidence to establish the ownership of and damage to the goods; the evidence was sufficient to sustain the allegations of the complaint, and the motion for directed verdict was properly denied.

The evidence for defendant went to the reduction of damages, and to the employment of Bowland to do the underpinning, and of Morris to move the house.

Assignment of Error No. 10 is the only one relating to the admission or rejection of evidence, and that assigns as error the refusal of the court to admit in evidence defendant's Exhibit 2, being his contract with Bowland for the underpinning. If there was error in rejecting this evidence, it was without prejudice to defendant. The defendant testified without objection to everything contained in the exhibit offered. He testified that he employed Bowland to do the underpinning, and the contract price; that the defendant was to furnish the material for the foundation, and Bowland to furnish the labor to put it in. This evidence was uncontradicted. There is nothing in the record which indicates that Bowland had anything to do with selecting the site or location for the foundation, or any

feature other than laying it with the material furnished by defendant. The evidence shows that defendant was present nearly all the time the foundation was laid. Defendant testified that he was there to fix the foundation, that he was there all the time, and that "I watched them to see what they do".

It is therefore manifest that the defense interposed, that the negligence was that of an independent contractor, cannot be sustained, and the court properly refused defendant's requested instruction No. 2.

Defendant contends that the case was tried upon a wrong theory, the theory that there was an implied contract that the premises should be reasonably safe for occupancy. We do not think so. The pleadings show an action for negligence. The evidence introduced was to establish negligence, and the instructions requested were framed upon the same theory. The remark of the court to which defendant calls attention could not change the issues nor the evidence, nor affect the application of legal principles, and the authorities cited by defendant on the question of implied contract can have no application here. The defendant, however, says that conceding the negligence charged, it is not actionable, and cites *Levine v. McClenathan*, 246 Pa. 374, L. R. A. 1917B, 235. There the court held: "that no implied covenant arises out of the relation of landlord and tenant upon the part of the landlord to repair, nor is there any implied warranty that the leased premises are tenantable. In the absence of a covenant in the lease requiring the lessor to repair, no such duty rests upon the landlord * * * the tenant takes the property as it is and he must be the judge of its tenantable condition."

And the case proceeds further to say that the doctrine of caveat emptor applies to leases of real property. We have quoted the foregoing for the purpose of making it apparent that the case can have no application to the facts in the instant case.

The defendant further claims that the court erred in re-

jecting evidence offered by him to sustain the defense of contributory negligence or assumption of risk. That part of the record referred to shows that the court sustained the objection to that evidence, for the reason that it was not proper cross examination, and for the further reason that there was no sufficient plea of contributory negligence or assumption of risk. There is no assignment of error based on the ruling of the court sustaining the objection, and we are not required to consider it. Rule 32; *Andrew v. Carpet Co.,* 72 Colo. 472, 474, 211 Pac. 378; *LeDoux v. Horowitz,* 70 Colo. 402, 403, 201 Pac. 880.

However, there was no error in the ruling of the court in this respect, as the question asked was not proper on cross examination. Furthermore, during the introduction of evidence by the defense, the defendant testified fully as to all the facts which he claimed constituted the contributory negligence of the plaintiff. He testified in substance that Cefalu said to him that if he, defendant, moved the house, plaintiff would stay in it; if he cut the house in two, he was going to move; that the plaintiff saw the cave-in three days before; that plaintiff had a chance to move out; that he had a right to move; that plaintiff said to him: "I owe you $17." "He gave me $10, and $7 he kept, and then the house after two or three days fell in." This evidence was doubtless overlooked by counsel appearing here, as he was not the same who appeared for defendant in the trial court.

The court instructed the jury by instruction No. 1 to return a verdict for the plaintiff, and that the only issue for the jury to determine was the amount of his damages, if any, and refused to give requested Instruction No. 5, which was to the effect that to authorize a recovery for damages occasioned by the alleged negligence by another, the plaintiff must have exercised that reasonable degree of care to avoid the injury which an ordinarily prudent person would have exercised under the same circumstances. There was no error in the giving of the one nor the refusal to give the other, the evidence having shown, as already

pointed out, that the negligence alleged and proven was not in the moving of the house, but in reference solely to the foundation. There was no evidence to justify submission to the jury the question whether plaintiff was guilty of contributory negligence, and none that he assumed the risk, nor that he had any knowledge of anything concerning the foundation, or concerning any negligence in its construction; and without such knowledge he cannot be held to have assumed the risk. Plaintiff's goods were not damaged as a result of the moving of the house, but because the foundation gave way when the house was placed upon it. In other words, had the foundation been properly located, prepared and laid, the house would not have collapsed and no injury could have been sustained.

We have examined the entire record with much care, and finding no reversible error, the supersedeas is denied and judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE CAMPBELL concur.