## No. 11,198.

### SNAPP, ET AL. *v.* MANNING.

Decided May 4, 1925.

Action by architect for compensation for preparation of plans and specifications. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Evidence—Harmless Error.* Rulings on the admission of evidence which are without prejudice to the complaining party will not be considered on review.

2.        *Evidence.* A party who introduces evidence bearing on the issues under consideration will not be heard to complain of the introduction of similar evidence by his adversary.

3. TRIAL—*Evidence.* If a party suffers an improper question to be asked without objecting thereto, he cannot thereafter be heard to complain of an unfavorable responsive answer.

4. APPEAL AND ERROR—*Instructions.* Where there are no objections or exceptions to instructions in the trial court, objections thereto are not available on review.

5. INSTRUCTIONS—*Requests.* Requested instructions which have no application to the case are properly refused.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. C. WERTHAN, Mr. FRANK EXLINE, for plaintiffs in error.

Mr. JACOB SCHAETZEL, Mr. WALTER E. SCHWED, Mr. ALBERT J. GOULD, JR., for defendant in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

PLAINTIFFS in error, Snapp and wife, were defendants below; Manning, defendant in error, was plaintiff. They are here designated as in the trial court.

Action was brought by Manning against defendants to recover compensation for the preparation by him for them of sketches, plans, specifications and estimates for the erection of a contemplated apartment house. Plaintiff's performance of contract and defendants' breach thereof were alleged. Plaintiff's first cause of action was on express contract; the second on quantum meruit. Defendants answered denying plaintiff's allegations and set forth their side of the controversy as to what the agreement was. The case was submitted to a jury on the issues tendered, a verdict rendered for plaintiff and judgment entered accordingly. Defendants bring error and apply for a supersedeas.

The controlling assignments of error may be classified under two headings: (a) Admission of evidence; and (b) the instructions to the jury. We shall dispose of them in this order.

1. As to the evidence: Two sets of plans were made and submitted to defendants, and error is assigned on the allowance of testimony concerning the first set. Evidence was admitted from each side concerning both sets, and testimony produced, which the jury apparently believed, that the second set had been approved by the defendants. The instructions to the jury and the verdict and judgment against defendants were based on the second set. Plaintiff did not recover anything for the preparation of the first set of plans. The testimony concerning the first set was connected with and explained the necessity for the second set. Even if the admission of evidence as to the first set had been technically erroneous, under these circumstances it was without prejudice and therefore requires no consideration. *Chase, et al. v. Lathrop,* 74 Colo. 559, 223 Pac. 54.

2.   Objection is also made by plaintiffs in error to the admission of certain other testimony, but they themselves first brought up the subject matter; it bore on the issues and they waived the right to object to similar testimony on behalf of the defendants in error. They were not privileged, under such circumstances, to deny the materiality of this testimony. *Grimes v. Hill,* 15 Colo. 359, 365, 25 Pac. 698; *Scott S. & T. Co. v. Roberts,* 42 Colo. 280, 282, 93 Pac. 1123.

Furthermore, the testimony was not objected to when offered, so, even if it might have been excluded on objection made at the time, it comes within the rule stated in *Seerie v. Brewer,* 40 Colo. 299, 302, 90 Pac. 508, 122 Am. St. Rep. 1065, that "if a party suffers an improper question to be asked without objecting thereto, he cannot thereafter be heard to complain of an unfavorable responsive answer."

3.   As to the instructions:   Error is assigned on instructions to the jury and for failure to give certain instructions.   The instructions as given, fully and fairly covered the contentions of both sides to the controversy and the law applicable thereto.   We do not agree with counsel that they are insufficient.   Without them the jury would not have been able to pass intelligently on the facts submitted to them.   They were not objected or excepted to in the trial court, hence such objections are not available here. *LeDoux v. Horowitz,* 70 Colo. 402, 404, 201 Pac. 880; *Nesteroff v. People,* 71 Colo. 208, 210, 205 Pac. 531; *Rogers v. Rogers,* 57 Colo. 132, 136, 140 Pac. 193; *Larson v. Long,* 74 Colo. 152, 155, 219 Pac. 1066. .

Other instructions requested by defendant had no application to the case.   Further instructions than those given would have been confusing.

4.   Lest we seem to be deciding this case wholly on questions of procedure, we remark that we have read the transcript of the record, including all of the testimony, every instruction to the jury that was requested and refused, and all that were given, as shown in the transcript,

which was neither bound nor indexed, as required by the rules of this court, and, being on application for supersedeas, was without any abstract or printed briefs. From this reading, we cannot find that there was any miscarriage of justice. It appears that the defendants voluntarily enlisted the services of the plaintiff, a skilled architect; that these services of plaintiff and his assistants covered a period of about six months, being the main work in which they were engaged during that time; that the defendant Snapp, for himself and his wife, his codefendant, whom he represented, consulted with plaintiff repeatedly; that the plaintiff made and delivered to defendants a second set of plans and that he also made changes from time to time to conform to new ideas of the defendants which the latter had conceived from examinations made by them of other apartment houses in the city; that no extra charge was made by plaintiff for these additional services, and after plaintiff had fully performed his part of the contract, the defendants, whether from caprice, or for some reason of their own, completely ignored him and what he had done for them; and that they thereupon constructed another building. It was purely a case of breach of contract, for which plaintiff was entitled to recover. The defendants were faithfully and ably represented by their counsel, have had every consideration from the courts, and we find no error in the record. The supersedeas is therefore denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.